HENRY H. TURNER v. ASHEVILLE POWER AND LIGHT COMPANY.

(Filed 16 December, 1914.)

1. **Electricity—Negligence—High Degree of Care—Trials—Instructions—Ordinary Care—Appeal and Error.**

While corporations engaged in the business of furnishing electric power and light to their patrons are not regarded as insurers against injury, they owe the duty to the public and to their patrons to exercise a high skill and the most consummate diligence and foresight in the construction, maintenance, and inspection of their plants, wires, and appliances consistent with the practical operation of their business; and when in an action for damages there is evidence tending to show that the plaintiff was injured on the streets of a city by coming in contact with the defendant's live wire, heavily charged with electricity, lying down upon the sidewalk, it is reversible error for the trial judge to charge the jury, in effect, upon the issue of defendant's negligence, that the care required of the defendant in such instances was that of the ordinarily prudent man.

2. **Trials—Issues—Electric Wires—Control and Ownership.**

It being contended in this action against an electric power company that the wire with which the plaintiff came in contact, causing the injury, was not operated by the defendant or under its control, a separate issue upon that question should be submitted to the jury.

APPEAL by plaintiff from *Cline, J.,* at August Term, 1914, of BUN-COMBE.

Civil action, tried upon these issues:

Was the plaintiff, Henry H. Turner, injured by the negligence of the defendant, as alleged in the complaint? Answer: "No."

What damage, if any, is the plaintiff entitled to recover? Answer: "Nothing."

From the judgment rendered, the plaintiff appealed.

*R. S. McCall, O. K. Bennett for plaintiff.*
*Martin, Rollins & Wright for defendant.*

BROWN, J. The evidence in this case tended to prove that the defendant maintained a line of electric wires on Atkins Street in the city of Asheville about 9 August, 1913, and that on said date, or thereabout, one

of said wires had fallen to the ground by the negligence of the defendant; that it was a live wire, heavily charged with electricity, and was lying down on the sidewalk; and that the plaintiff came in contact with the same, and sustained permanent injuries.

Upon the question as to the degree of care which the defendant owed in respect to the keeping of its wires, the judge charged the jury as follows: "The defendant ought to exercise ordinary care which an ordinarily prudent man would use in operating that substance, electricity, over the wires and at the place alleged and admitted in the pleadings."

This portion of the charge was excepted to by the plaintiff. The exception must be sustained.

· We have said in many cases that while the law does not regard companies furnishing electric power and lights to its patrons as insurers against injury, yet such companies owe to the public, as well as to their patrons, the duty to protect them by exercising a high skill, the most consummate care and caution, and the utmost diligence and foresight in the construction, maintenance, and inspection of its plant, wires, and appliances, consistent with the practical operation of the business. *Turner v. Power Co.,* 154 N. C., 132.

The language used in *Haynes v. Gas Co.,* 114 N. C., 203, is the "utmost degree of care." In that case it is said, also: "The danger is great and the care and watchfulness must be commensurate with it."

It may be rather a high degree of care to place upon electric companies, but it is absolutely essential for the protection of the citizens who use the public streets to protect them from the danger incident to such hazardous business. *Horne v. Power Co.,* 144 N. C., 375; *Harrington v. Wadesboro,* 153 N. C., 437.

It is contended that the wire from which the plaintiff received his injury was not operated by, nor under the control of, the defendant. If that is true, of course, the defendant is not liable for the injury sustained by the plaintiff. As the case is to be tried again, in order to avoid possible error, it would be well to submit a separate issue as to the control and operation of the wire, in addition to the issue of negligence.

New trial.