J. R. SMALL v. SOUTHERN PUBLIC UTILITIES COMPANY.

(Filed 6 May, 1931.)

1. **Electricity A·c—Evidence that defendant left wires in dangerous condition resulting in damage held sufficient.**

In this action damages were sought of an electrical power company furnishing electricity for hire, the evidence tended to show that, in temporarily disconnecting plaintiff's service at his request, the power company was negligent in leaving the wires after removing the meter, which

resulted in the destruction of plaintiff's house by fire, and also evidence in behalf of the defendant that it was not negligent: *Held,* the issue was properly submitted to the jury upon authority of *Starr v. Telephone Co.,* 156 N. C., 435, and other like cases cited.

2. **Electricity A a—Electricity requires care of ordinarily prudent man under circumstances, considering inherent danger of the force.**

The degree of care required of a person in any instance varies according to the facts and circumstances under the uniform rule of that degree of care which an ordinarily prudent man would exercise under like conditions, and the degree of care required of those furnishing electricity for hire is that degree of care which is commensurate with the dangerous quality of the force, and comes within the rule of that care which reasonably should be exercised by an ordinarily prudent man.

APPEAL by defendant from *Schenck, J.,* at October Civil Term, 1930, of GUILFORD.

Civil action to recover damages for destruction by fire of plaintiff's house alleged to have been caused by the negligence of the defendant in failing to take necessary precautions to protect the same when disconnecting electric service wires.

Plaintiff was the owner of a dwelling-house in Gold Hill, Rowan County, equipped for electric light service which the defendant furnished. In May, 1929, the plaintiff moved out of his house, left the same vacant, paid the defendant its bill for electric current, and asked that the service be discontinued, meter taken out, wires disconnected, etc.

It is in evidence that the defendant failed to take the usual and customary precautions in disconnecting its wires, in that, ends of live wires were left dangling inside the house near a wooden ceiling, whereas proper prudence and precaution required that such wires be cut outside the house so as to prevent the current from going inside. The defendant's evidence, on the other hand, was to the effect that the wires had been properly and safely disconnected.

Plaintiff's evidence further tends to show that during the evening of 29 August, 1929, a severe electrical storm visited the community of Gold Hill, during which lightning struck the defendant's transmission lines, burnt out the transformer, caused heavy currents of electricity to be carried over the wires into a number of houses, including the plaintiff's, which was set on fire. The defendant's evidence, however, tends to prove that the fire arose from other causes.

Plaintiff contends that his house was destroyed because of the defective condition in which the defendant left its wires when it took out the meter and disconnected the electric service wires.

The jury answered the issue of negligence in favor of the plaintiff, and fixed the damages at $1,500. Judgment accordingly.

The defendant appeals, relying chiefly upon its demurrer to the evidence and motion for judgment as in case of nonsuit.

*Hines, Kelly & Boren for plaintiff.*
*W. S. O'B. Robinson, Jr., and R. M. Robinson for defendant.*

STACY, C. J.  The case was properly submitted to the jury on authority of what was said in *Starr v. Tel. Co.,* 156 N. C., 435, 72 S. E., 484; *Lawrence v. Power Co.,* 190 N. C., 664, 130 S. E., 735; *Carpenter v. Power Co.,* 191 N. C., 130, 131 S. E., 400, *McAllister v. Pryor,* 187 N. C., 832, 123 S. E., 92; *Shaw v. Public Service Corp.,* 168 N. C., 611, 84 S. E., 1010; *Turner v. Power Co.,* 154 N. C., 131, 69 S. E., 767; *Harrington v. Wadesboro,* 153 N. C., 437, 69 S. E., 399; *Arrington v. Pinetops,* 197 N. C., 433, 149 S. E., 549.

Due to the deadly and latently dangerous character of electricity, the degree of care required of persons, corporate or individual, furnishing electric light and power to others for private gain, has been variously stated.  "The utmost degree of care," was the language adopted and approved in *Haynes v. Gas Co.,* 114 N. C., 203, 19 S. E., 344.  "The danger is great, and the care and watchfulness must be commensurate with it," said *Burwell, J.,* in delivering the opinion.  And in *Turner v. Power Co., supra, Hoke, J.,* used this language: "Owing to the very dangerous nature of electricity and the serious and often fatal consequences of negligent default in its control and use, the law imposes a very high degree of care upon companies who manufacture and furnish it."

Following are some of the various expressions found in the decisions: "Highest degree of care" *(Ellis v. Power Co.,* 193 N. C., 357, 137 S. E., 163); "highest degree of care in maintenance and inspection" *(Benton v. Public Service Corp.,* 165 N. C., 354, 81 S. E., 448); "high skill, the most consummate care and caution, and the utmost diligence and foresight . . . consistent with practical operation" *(Turner v. Power Co.,* 167 N. C., 630, 83 S. E., 744); "greatest degree of care and constant vigilance" *(Mitchell v. Electric Co.,* 129 N. C., 166, 39 S. E., 801); "very high degree of care" *(Harrington v. Wadesboro, supra);* "all reasonable precaution" *(Turner v. Power Co.,* 154 N. C., 131); "utmost care and prudence consistent with practical operation" *(Helms v. Power Co.,* 192 N. C., 784, 136 S. E., 9); "rule of the prudent man" *(Hicks v. Tel. Co.,* 157 N. C., 519, 73 S. E., 139); "highest skill . . . which is attainable, consistent with practical operation" *(Electric Co. v. Lawrence,* 31 Col., 308); "necessary care and prudence to prevent injury" *(Love v. Power Co.,* 86 W. Va., 397).  In *Parker v. Electric Ry. Co.,* 169 N. C., 68, 85 S. E., 33, a nonsuit was sustained because "the evidence showed that the defendant had exercised every possible care." *Ragan v. Traction Co.,* 170 N. C., 92, 86 S. E., 1001.

In approving these formulæ as to the degree of care required in such cases, it is not to be supposed that there is a varying standard of duty

by which responsibility for negligence is to be determined. *Helms v. Power Co., supra.* The standard is always the rule of the prudent man, or the care which a prudent man ought to use under like circumstances. What reasonable care is, of course, varies in different cases and in the presence of different conditions. *Fitzgerald v. R. R.*, 141 N. C., 530, 54 S. E., 391. The standard is due care, and due care means commensurate care under the circumstances. *Hanes v. Shapiro*, 168 N. C., 24, 84 S. E., 33; 9 R. C. L., 1200.

While the jury would have been fully justified in returning a contrary verdict on the defendant's evidence, we think the plaintiff's evidence is amply sufficient as against a demurrer.

The record is free from reversible error, hence the verdict and judgment will be upheld.

No error.