LULA HAMPTON v. THOMASVILLE COCA-COLA BOTTLING COMPANY.

(Filed 26 June, 1935.)

**1. Food A a—**

The manufacturer of food or drink is required to exercise due care in the preparation of these commodities, and may be held liable by the ultimate consumer for injury resulting from breach of this duty upon a proper showing.

**2. Same—Res ipsa loquitur does not apply to finding of noxious substance in drink by consumer, but direct proof of negligence is not necessary.**

In establishing negligence on the part of a manufacturer in the preparation of a bottled drink, the ultimate consumer, injured by a foreign, deleterious substance in the bottle, may not rely upon the doctrine of *res ipsa loquitur*, but direct proof of negligence is not necessary, since negligence may be established by other relevant facts and circumstances from which it may be inferred, and similar instances are competent as tending to show a probable like occurrence at the time of plaintiff's injury, when accompanied by proof of substantially similar circumstances and reasonable proximity of time.

**8. Same—Evidence of negligence on part of bottler held sufficient to overrule nonsuit in action by ultimate consumer.**

Evidence that plaintiff was injured by drinking coca-cola from a bottle which had paint or varnish inside on its bottom and side, and that shortly after the injury in suit another had discovered a substance resembling white paint on the inside of another bottle prepared by the defendant, *is held* sufficient to be submitted to the jury on the issue of defendant's actionable negligence.

APPEAL from *Alley, J.,* at September Term, 1934, of DAVIDSON. Affirmed.

This is an action by the ultimate consumer to recover of the bottler damages from drinking bottled beverage containing deleterious substance.

The issues submitted and the answers made thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Answer: 'Yes.'

"2. What damages, if any, is the plaintiff entitled to recover? Answer: '$200.00.' "

From judgment based upon the verdict the defendant appealed to the Supreme Court, assigning errors.

*D. L. Pickard and P. V. Critcher for plaintiff, appellee.*
*Don A. Walser for defendant, appellant.*

SCHENCK, J. The exceptive assignments of error urged upon appeal assail the action of the court in refusing to grant the defendant's motion

of judgment as of nonsuit made upon the plaintiff's resting her evidence and renewed at the close of all the evidence.   C. S., 567.

There was evidence tending to show that on 30 September, 1933, the plaintiff bought from Deaton's Store coca-cola which had been bottled and sold for the retail trade by the defendant, the Thomasville Coca-Cola Bottling Company; that upon drinking a small portion thereof the plaintiff became nauseated and sick; and that upon examination it was found that the bottle containing the coca-cola bought and drank by the plaintiff had in it a foreign substance that had not mixed with the coca-cola, and that looked and smelled like paint or varnish, and that this substance was thick upon the bottom of the bottle, and on one side of the bottle inside there was a lump about the size of the end of the thumb.

The decisions of this Court are to the effect that one who prepares in bottles or packages foods, medicines, drugs, or beverages, and puts them on the market, is charged with the duty of exercising due care in the preparation of these commodities, and under certain circumstances may be liable in damages to the ultimate consumer.   *Corum v. Tobacco Co.,* 205 N. C., 213, and cases there cited.

The decisions of this Court are also to the effect that while in establishing actionable negligence on the part of the manufacturer, bottler, or packer, the plaintiff is not entitled to call to his aid the doctrine of *res ipsa loquitur,* he is nevertheless not required to produce direct proof thereof, but may introduce evidence of other relevant facts from which actionable negligence on the part of the defendant may be inferred. Similar instances are allowed to be shown as evidence of a probable like occurrence at the time of the plaintiff's injury, when accompanied by proof of substantially similar circumstances and reasonable proximity in time.   *Broadway v. Grimes,* 204 N. C., 623; *Enloe v. Bottling Co., ante,* 305, and cases there cited.

One R. C. Liverman testified as follows: "I have never seen any coca-cola manufactured by the Thomasville Coca-Cola Bottling Company shortly before or after this occasion with matches in it, but did see some looked like white paint splashed in the inside.   It was white, white splotches.   It was inside the bottle."   The sole question involved in the instant case is whether this testimony of Liverman, when read in connection with the evidence tending to show other pertinent facts, was sufficient to carry the case to the jury on the issue of the defendant's actionable negligence.   Since in our opinion this testimony, when considered in connection with other testimony, furnishes more than a scintilla of evidence tending to establish the plaintiff's contentions, and since all of the evidence must be interpreted most favorably for the plaintiff, we are constrained to hold that the case was properly submitted to the jury.   *Gates v. Max,* 125 N. C., 139; *Lamb v. Perry,* 169 N. C., 436; *Corum v. Tobacco Co., supra.*

Affirmed.