ELMER W. DANIELS v. SWIFT & COMPANY.

(Filed 26 February, 1936.)

**Food A a—Evidence held sufficient for jury on issue of negligence of manufacturer in preparation of food.**

Plaintiff's evidence tended to show that he was injured by particles of glass eaten by him in sausage prepared by defendant manufacturer, and that a short time prior to his injury plaintiff had found grit in similar sausage prepared by defendant, and that the deleterious substances were found inside the casings in which the sausage was stuffed. *Held:* The evidence was sufficient to be submitted to the jury on the issue of defendant's negligence.

STACY, C. J., dissenting.

CONNOR, J., concurs in dissent.

APPEAL by the defendant from *Harris, J.,* at December Term, 1935, of BEAUFORT. No error.

*E. A. Daniel and LeRoy Scott for plaintiff, appellee.*
*MacLean & Rodman for defendant, appellant.*

SCHENCK, J. This is an action to recover damages for personal injury alleged to have been caused by the negligence of the defendant in allowing minute particles of glass to get into sausage sold by it for public food consumption.

From a judgment based upon the verdict the defendant appealed and assigned as error the action of the court in refusing to grant its motion for judgment as of nonsuit made upon the plaintiff's resting his evidence and renewed at the close of all the evidence. C. S., 567.

There was evidence tending to show that on or about 15 June, 1935, the plaintiff purchased from L. A. Trueblood & Company about one and one-half pounds of sausage which had been packed and sold for food consumption to Trueblood & Company by the defendant Swift & Company, and that after the sausage was eaten by the plaintiff it was found to have contained small particles of glass, some of which the plaintiff swallowed, resulting in his painful and serious damage. There was further evidence tending to show that within two or three weeks prior to this occasion the plaintiff had found "grit" in similar sausage purchased by him from the same source which had likewise been manufactured and sold for food consumption by the defendant. The evidence also tended to show that the sausage, when manufactured, was stuffed into "sheep casings," and that when purchased no grit was found on the outside thereof.

DANIELS *v.* SWIFT & CO.

We think this evidence brings the case within the principle enunciated in *Hampton v. Bottling Co.,* 208 N. C., 331, and *Corum v. Tobacco Co.,* 205 N. C., 213, and cases there cited. In the *Hampton case, supra,* it was said: "The decisions of this Court are to the effect that one who prepares in bottles or packages foods, medicines, drugs, or beverages, and puts them on the market, is charged with the duty of exercising due care in the preparation of these commodities, and under certain circumstances may be liable in damages to the ultimate consumer. . . . The decisions of this Court are also to the effect that while in establishing actionable negligence on the part of the manufacturer, bottler, or packer, the plaintiff is not entitled to call to his aid the doctrine of *res ipsa loquitur,* he is nevertheless not required to produce direct proof thereof, but may introduce evidence of other relevant facts from which actionable negligence on the part of the defendant may be inferred. Similar instances are allowed to be shown as evidence of a probable like occurrence at the time of the plaintiff's injury, when accompanied by proof of substantially similar circumstances and reasonable proximity in time."

In the trial of the case in the Superior Court we find

No error.

STACY, C. J., dissenting: The record is devoid of any evidence of actionable negligence on the part of the defendant, according to our previous decisions. *Thomason v. Ballard & Ballard Co.,* 208 N. C., 1, 179 S. E., 30; *Blackwell v. Bottling Co.,* 208 N. C., 751; *Enloe v. Bottling Co.,* 208 N. C., 305, 180 S. E., 582.

"The facts present a case where it would be entirely unsafe to permit the application of the principle contended for (*res ipsa loquitur*), or to hold that the explosion of one single bottle of such an article (Coca-Cola), under such circumstances, should of itself rise to the dignity of legal evidence sufficient, without more, to carry the case to the jury"— *Hoke, J.,* in *Dail v. Taylor,* 151 N. C., 284, 66 S. E., 135.

Here we have only one instance of deleterious substance (glass) found in sausage, and another instance of "grit" found therein. By grit the witness may have meant no more than gristle or particles of bone. Nor does it appear whether this "grit" was in the original package. Indeed, it may be doubted whether the particles of glass were found in the original package, though the evidence may be sufficient to warrant the inference.

Having decided in *Thomason v. Ballard & Ballard Co., supra,* that plaintiff is not entitled to recover, *ex contractu,* as upon an implied warranty, the pertinent decisions in cases sounding in tort should be followed.

CONNOR, J., concurs in dissent.