R. C. COLLINS v. LUMBERTON COCA-COLA BOTTLING COMPANY.

(Filed 8 April, 1936.)

**Food A a: Evidence D h—Evidence must show time when product was bottled for evidence of deleterious substances therein to be competent.**

    Plaintiff instituted action to recover damage alleged to have resulted from drinking bottled Coca-Cola containing a deleterious substance, which plaintiff had purchased from a retailer and which had been bottled by defendant. Evidence was admitted, over defendant's objection, tending to show that deleterious substances had been found in other Coca-Cola bottled by defendant, but the evidence failed to show when such other bottles had been sold by defendant to the retailers from which they were purchased. *Held:* The evidence was erroneously admitted, since the required proximity of time was not established to render such other instances competent on the question of negligence.

CLARKSON, J., dissents.

APPEAL by the defendant from *Grady, J.,* at May Term, 1935, of ROBESON. New trial.

This was a civil action by a consumer to recover of a bottler damages resulting from drinking bottled beverage containing foreign and deleterious substance. Negligence is alleged against the bottler and the action is to recover in tort.

The plaintiff alleged, and offered evidence tending to prove, that on 30 June, 1934, he purchased from one Hamp Mercer at his place of business on Main Street in Lumberton a bottle of Coca-Cola which had been bottled and placed on the market by the defendant; that when he was drinking from the bottle the partially decayed body of a spider came with the fluid into his mouth, which he "blowed back into the bottle"; and that he became ill from drinking a portion of the contents of the bottle.

The plaintiff was allowed to offer evidence, over the objection of the defendant, tending to show that on six other occasions Coca-Cola bottled and sold by the defendant to retail dealers was found to contain foreign substances. These occasions, as gathered from a construction of the evidence most favorable to the plaintiff, were as follows:

1. About the same time the sale was made to the plaintiff by Mercer, Paul Britt bought a bottled Coca-Cola from Mercer containing a substance that "looked like ground-up meat," which Mercer had bought from the defendant "two or three weeks, or a month" before the sale to Collins (the plaintiff).

2. Earl Thompson bought from J. F. Rozier a bottled Coca-Cola "in June, 1934," which had an "odor of kerosene." While the evidence

tends to show that Rozier, the retail dealer, or "middleman," purchased this Coca-Cola from the defendant, there is no evidence as to the time he purchased it, or how long he had had it before he sold it to Thompson.

3. W. N. Ivey bought from Willie Davis a bottled Coca-Cola on 15 June, 1934, which had "three flies of some kind in it." As on the preceding occasion, the evidence tends to show that Davis, the retail dealer, bought the Coca-Cola from the defendant, but is silent as to when he bought it, or how long he had it in stock before selling it to Ivey.

4. Marvin Autrey bought from James Stanley a bottled Coca-Cola in November, 1934, which contained something that "looked like a bug." On this occasion, likewise, while tending to show the Coca-Cola was purchased from the defendant, there is no evidence as to when it was so purchased.

5. Rester Ivey bought from Fundy Fry a bottled Coca-Cola "some time last summer" which had a "housefly in it." As on the other occasions, the evidence tends to show that the Coca-Cola was purchased by the retailer from the defendant, the bottler, but fails to indicate when such purchase was made.

6. James Allen bought from J. F. Rozier a bottled Coca-Cola on 2 June, 1934, which contained something that "looked like a crushed bug." While there is evidence that the Coca-Cola was bottled and sold by the defendant, the record is silent as to when the sale was made by the defendant, the bottler, to Rozier, the retail dealer, or "middleman."

The issues of negligence and damage were answered in favor of the plaintiff, and from judgment in accord with the verdict the defendant appealed, assigning errors.

*Lee & Lee, McNeill & McKinnon, and F. Ertel Carlyle for plaintiff, appellee.*

*Varser, McIntyre & Henry for defendant, appellant.*

SCHENCK, J. Since there was a total absence of any evidence as to the time when the bottles of Coca-Cola containing foreign and deleterious substances were sold by the defendant, the bottler, to the various retail dealers, the middlemen, the foundation laid was insufficient to support the introduction of evidence tending to show the occasions on which such substances were found in bottles of Coca-Cola placed on the market by the defendant.

*Brogden, J.*, clearly stated the question of law involved in this class of cases as follows: "Upon the trial of an action for damages for personal injury caused by shivered glass in a bottle of Coca-Cola, is it competent upon the question of negligence to show that foreign substances were

found in other bottles of beverage bottled and sold by the defendant 'at about the same time' plaintiff was injured?" *Perry v. Bottling Co.,* 196 N. C., 175. The question is answered in the affirmative.

In plotting again the decisions in this jurisdiction respecting the liability of one who prepares in bottles beverages and places them on the market, for injuries sustained by the ultimate consumer who purchases such goods from a dealer, or middleman, and not from the bottler, the present *Chief Justice,* in the recent case of *Enloe v. Bottling Company,* 208 N. C., 305, writes: "That as tending to establish the principal fact in issue, to wit, the alleged actionable negligence of the defendant, it is competent for the plaintiff to show that like products manufactured under substantially similar conditions and sold by the defendant 'at about the same time,' contained foreign or deleterious substances."

On all of the occasions set forth above, with the possible exception of the first, there is a total absence of any evidence as to the time when the bottles of Coca-Cola involved were sold by the defendant to the various retail dealers, and for this reason we hold that the evidence as to such occasions (except the first) was erroneously admitted and that a new trial must be awarded.

New trial.

CLARKSON, J., dissents.