MRS. MYRTLE BLACKWELL v. COCA-COLA BOTTLING COMPANY OF ASHEVILLE, N. C.

(Filed 30 June, 1937.)

**Food § 16—**

Testimony of plaintiff that she drank part of a bottle of Coca-Cola containing foreign deleterious substances, resulting in injury, and evidence that like deleterious substances were found in Coca-Colas bottled by the same defendant at approximately the same time, *is held* sufficient to be submitted to the jury on the question of defendant's negligence.

APPEAL by defendant from *Pless, J.,* at January Term, 1937, of BUNCOMBE. Affirmed.

Action for damages for personal injury alleged to have been caused by the negligence of the defendant with respect to the presence of deleterious substances in Coca-Cola bottled and sold for human consumption.

The action was instituted in the general county court of Buncombe County. Upon the usual issues of negligence and damage there was verdict for the plaintiff, and defendant appealed to the Superior Court, assigning errors. In the Superior Court all the defendant's exceptions and assignments of error were overruled and the judgment of the general county court affirmed. Defendant appealed to this Court.

*Cathey & McKinney for plaintiff.*
*Johnston & Horner for defendant.*

DEVIN, J. The appellant assigns as error the overruling of its exception to the denial of its motion for judgment of nonsuit, but a consideration of the evidence, in the light of the decisions of this Court on a former appeal in this case (*Blackwell v. Bottling Co.,* 208 N. C., 751), and in *Collins v. Bottling Co.,* 209 N. C., 821; *Enloe v. Bottling Co.,* 208 N. C., 305; and *Hampton v. Bottling Co.,* 208 N. C., 331, warrants the conclusion that the evidence was sufficient to be submitted to the jury. In *Enloe v. Bottling Co., supra, Stacy, C. J.,* speaking for the Court, reviews the decisions on this subject and declares the law as established in this jurisdiction.

The plaintiff testified that on 25 December, 1933, in drinking a bottle of Coca-Cola, bottled and sold for consumption by defendant, she inadvertently swallowed portions of one or more bugs or insects; that she then observed in the bottle "a brownish gray slimy looking substance," and also found in it "a yellow jacket and cockroach"; that what she swallowed caused her to be made sick and resulted in injury to her stomach and throat. She offered the testimony of other witnesses that

in March and April following there were found in other bottles of Coca-Cola manufactured, bottled, and placed on the market for sale, in capped bottles, by the same defendant, in one instance foreign substance floating on top of the Coca-Cola in the bottle, and in the other a small decomposed mouse.

This evidence was competent and took the case out of the rule laid down in the *Collins case, supra,* and in the former opinion in this case.

The exceptions to the charge to the jury by the trial judge were properly overruled. A careful examination of the charge, both on the question of negligence and damage, leaves us with the impression that the rules of law were accurately stated in their application to the facts of the case and were in accord with the authoritative decisions of this Court.

The instant case seems to have been fairly and properly tried, and the judgment of the Superior Court in overruling appellant's assignments of error must be affirmed.

Affirmed.