EGBERT SMITH, BY HIS NEXT FRIEND, M. C. SMITH, v. COCA-COLA BOTTLING COMPANY OF HENDERSON, N. C.

(Filed 4 May, 1938.)

**1. Food § 4—**

A person preparing food, medicines, drugs, or beverages in packages or bottles is charged with the duty of exercising due care in their preparation, and under certain circumstances may be held liable in damages to the ultimate consumer.

**2. Food § 15—**

While the doctrine of *res ipsa loquitur* is not available to establish negligence on the part of a person preparing food, drugs, or beverages, such negligence need not be established by direct proof, but may be established by substantially similar incidents in reasonable proximity in time.

**3. Food § 16—**

Evidence of injury resulting from drinking foreign and deleterious substances from a bottled drink prepared by defendant, with evidence that other drinks bottled by defendant at about the same time contained like foreign and deleterious substances, is sufficient to take the case to the jury.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Sinclair, J.,* and a jury, at November Term, 1937, of FRANKLIN. No error.

This was an action for actionable negligence causing damage, brought by plaintiff against defendant. The plaintiff alleges, in part: "That on 6 August, 1936, the plaintiff Egbert Smith purchased from the said S. N. Rowe a bottle of the Coca-Cola which had been sold and delivered to the said Rowe by the defendant in this action for the purpose of resale and consumption by the public. That the said bottle of Coca-Cola, instead of being pure and wholesome as it was represented to be and the defendant's duty to the plaintiff and to the public required that it should be, contained a quantity of shattered glass, an exceedingly harmful, deleterious and dangerous substance when swallowed by a human being, which the said defendant company had carelessly and negligently permitted to be present in the said bottle. That the plaintiff, who relied upon the representations made by the defendant that the contents of the Coca-Cola so purchased by him were pure and wholesome, undertook to drink the same, and in so doing swallowed a fragment or fragments of said shattered glass before he knew of its presence in the drink which he had bought. That shortly afterwards, the said plaintiff, as a result of having swallowed said fragment of glass, became sick and nauseated and suffered great and excruciating pain," and demanded damages.

The defendant denied the material allegations of the complaint. The issues submitted to the jury and their answers thereto were as follows:

"1. Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint? Ans.: 'Yes.'

"2. What damages, if any, is the plaintiff entitled to recover? Ans.: '$1,000.'"

The court below rendered judgment on the verdict. The defendant made several exceptions and assignments of error and appealed to the Supreme Court.

*Yarborough & Yarborough for plaintiff.*
*A. J. Fletcher for defendant.*

PER CURIAM. At the close of the plaintiff's evidence and at the close of all the evidence, the defendant in the court below made motions for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions, and in this we can see no error.

In *Hampton v. Bottling Co.,* 208 N. C., 331 (332), it is written: "The decisions of this Court are to the effect that one who prepares in bottles or packages foods, medicines, drugs, or beverages, and puts them on the market, is charged with the duty of exercising due care in the preparation of these commodities, and under certain circumstances may

be liable in damages to the ultimate consumer. *Corum v. Tobacco Co.,* 205 N. C., 213, and cases there cited. The decisions of this Court are also to the effect that while in establishing actionable negligence on the part of the manufacturer, bottler, or packer, the plaintiff is not entitled to call to his aid the doctrine of *res ipsa loquitur,* he is nevertheless not required to produce direct proof thereof, but may introduce evidence of other relevant facts from which actionable negligence on the part of the defendant may be inferred. Similar instances are allowed to be shown as evidence of a probable like occurrence at the time of the plaintiff's injury, when accompanied by proof of substantially similar circumstances and reasonable proximity in time. *Broadway v. Grimes,* 204 N. C., 623; *Enloe v. Bottling Co.,* 208 N. C., 305, and cases there cited." *Blackwell v. Bottling Co.,* 211 N. C., 729.

The evidence in the present action was sufficient to be submitted to the jury. There was "proof of substantially similar circumstances and reasonable proximity of time."

In the judgment of the court below, we find

No error.

SEAWELL, J., took no part in the consideration or decision of this case.