SEAWELL, J., concurring.
BARNHILL, J., dissenting. *Page 257 
Action for wrongful death of plaintiff's intestate alleged to have been caused by the negligence of the defendant in the maintenance of its electric power line. There was verdict for plaintiff on issues submitted, and from judgment on the verdict defendant appealed.
The only assignment of error brought forward by defendant appellant is the denial of its motion for judgment of nonsuit entered at the close of plaintiff's evidence and renewed at the close of all the evidence.
It is well settled that upon this motion the evidence is to be considered in the most favorable light for the plaintiff, and that if there be any substantial evidence — more than a scintilla — to support the plaintiff's allegations the case must be submitted to the jury. Applying this rule to the evidence as shown by the record before us, we reach the conclusion that there was no error in submitting the case to the jury. There was no exception to the conduct of the trial. The judge's charge was not sent up; hence it must be presumed that the jury was properly instructed by the trial judge as to all phases of the case, both with respect to the law and the evidence.
The pertinent facts were these: Plaintiff's intestate, pursuant to contract with defendant, undertook to clear the right of way of defendant's power line of undergrowth, bushes and trees for a distance of six miles from the power house of Fontana mine. The written specifications for the work plaintiff's intestate was engaged to perform were as follows: "A trial 10 feet wide shall be cut continuously along and under the wires, along the center line of the transmission line. All perennial growth shall be cut within 6 inches of the ground. All brush shall be piled clear of the trial. In addition, any tree or bush that extends to within 10 feet of any wire of the transmission line shall be cut, and any tree or bush that extends within 10 feet of either wire of the telephone line shall be either trimmed or cut to provide at least 10 feet clearance to the telephone line. The brush shall be cleared from around all poles for a radius of at least four feet."
Defendant's power line over and along this right of way carried an electric current of 66,000 volts, and was suspended 12 to 15 feet above the ground — 15 feet at the place of injury. The territory was mountainous and sloping. On the right of way had grown up a mass of bushes and small trees, some of the latter higher than the power lines. *Page 258 
A witness testified: "Trees or sprouts right where he (the deceased) was cutting were hanging over these high powered lines."
Plaintiff's intestate began work on the morning of 12 August, 1938, alone, and shortly thereafter was killed by an electric current transmitted through a small tree which when cut fell against the wires. The tree had stood four or five feet from the line of the wires, and was taller. The body of deceased was found in contact with the tree and badly burned by the powerful current. The deceased had had no experience with electric power lines or electric current.
Plaintiff alleged, among other things, that defendant was negligent in constructing and maintaining an electric power line carrying so powerful a current as 66,000 volts only 15 feet from the ground, and authorizing an inexperienced man to cut bushes and trees in close proximity thereto, and it was further alleged that no warning was given plaintiff's intestate. While the absence of warning does not affirmatively appear from plaintiff's evidence, however, considering the surrounding circumstances, the character of the growth on the right of way, the instruction to cut any tree that extended within 10 feet of any wire of the transmission line, the enormous voltage on uninsulated wires only 15 feet from the ground, we think a situation inherently dangerous for an inexperienced person was thereby created, and we are led to the conclusion that this afforded some evidence of failure on the part of defendant to measure up to its duty to exercise the degree of care required of those who undertake to handle and control a force so powerful and subtle as electricity. It was testified by two witnesses, found by the trial court to be experts in electrical construction, maintenance and repair, that according to the customary and approved method for the installation and maintenance of transmission lines, carrying a voltage as high as 66,000 volts, a height of not less than 30 feet from the ground should be maintained.
From the evidence adduced the inference is permissible that defendant in the exercise of due care should have foreseen that some of the trees to be cut, close to and higher than the wires, would come in contact with the wires, with dangerous consequences.
In Helms v. Power Co., 192 N.C. 784, 136 S.E. 9, a recovery was upheld where electricity escaped from a power line to a telephone line over which it crossed, and caused the death of a lineman at work on the telephone line. In that case Stacy, C. J., speaking for the Court, uses this language in stating the duty incumbent upon electric companies: "Electric companies are required to use reasonable care in the construction and maintenance of their lines and apparatus. The degree of care which will satisfy this requirement varies, of course, with the circumstances, but it must always be commensurate with the dangers *Page 259 
involved, and where the wires maintained by a company are designed to carry a strong and powerful current of electricity, the law imposes upon the company the duty of exercising the utmost care and prudence consistent with the practical operation of its business, to avoid injury to those likely to come in contact with its wires. 9 R. C., 1200."
Various phrases descriptive of the degree of care required of those furnishing electric current or power are collected in the opinion in Smallv. Utilities Co., 200 N.C. 719, 158 S.E. 385; Murphy v. Power Co.,196 N.C. 484, 146 S.E. 204; and McAllister v. Pryor, 187 N.C. 832,123 S.E. 92. 18 Am. Jur., 445.
While the defendant's evidence tended to throw a different light on the circumstances and to exculpate it from the implication of negligence, this was a matter for the jury, and must be held to have been determined by the verdict. Defendant further contends that its motion for nonsuit should have been sustained on the ground that plaintiff's evidence affirmatively established contributory negligence on the part of her intestate, but we cannot so hold. This also was a matter for the jury under appropriate instructions by the trial judge. Cole v. Koonce, 214 N.C. 188.
We find no error in the ruling of the court below in denying defendant's motion for judgment of nonsuit.
No error.