C. S. EVANS v. CHARLOTTE PEPSI-COLA BOTTLING COMPANY.

(Filed 3 January, 1940.)

**Food § 16—Evidence held insufficient for jury in this action by consumer to recover damages resulting from deleterious substance in bottled drink.**

Evidence that plaintiff was injured by a foreign, deleterious substance in a drink bottled by defendant, that the bottle containing the foreign deleterious substance was not uniform in that the neck of the bottle was not directly over the center of its bottom, without evidence of defective machinery or failure to inspect and without evidence that like foreign, deleterious substances had been found in other drinks bottled by defendant under substantially similar conditions at about the same time, *is held* insufficient to be submitted to the jury on the issue of negligence, the doctrine of *res ipsa loquitur* not applying to such cases.

STACY, C. J., dissenting.

SEAWELL, J., concurs in dissent.

CLARKSON, J., not sitting.

APPEAL by defendant from *Phillips, J.,* at February Term, 1939, of UNION.

*Vann & Milliken for plaintiff, appellee.*
*W. C. Davis and E. Osborne Ayscue for defendant, appellant.*

SCHENCK, J. This is an action by a consumer to recover of a bottler damages resulting from drinking bottled beverage containing noxious substance.

When the plaintiff had introduced his evidence and rested his case the defendant moved for judgment as in case of nonsuit and renewed his motion after all the evidence on both sides was in. C. S., 567. This motion was refused and defendant, appellant, preserved exception.

There was evidence tending to show that in January or February, 1938, the plaintiff purchased a bottle of Pepsi-Cola from the Purol Filling Station in Wingate, North Carolina, which had been bottled and placed on the market by the defendant to be sold to and consumed by the public; that upon drinking from one-fourth to one-half of the contents of the bottle the plaintiff was made desperately sick; and that upon an analysis of the contents of the bottle it was found to contain one grain of arsenic trioxide per fluid ounce of Pepsi-Cola, which was in excess of a lethal portion. There was further evidence tending to show that the bottle which contained the Pepsi-Cola purchased by the plaintiff was not uniform in shape in that the neck of the bottle was not directly over the center of the bottom thereof, and that the bottle was "crooked."

There was no evidence that any other like products manufactured under substantially similar conditions and sold by the defendant at about the same time contained foreign or deleterious substances, and the plaintiff must rely solely upon evidence that related to the one "crooked" bottle containing arsenic trioxide. No other incident was mentioned in the evidence.

There was no evidence of defective machinery or failure to inspect; no evidence of negligence, unless the bare fact of the "crooked" bottle containing arsenic trioxide be construed as such evidence. To so construe the evidence requires the application of the doctrine of *res ipsa loquitur,* which according to the decisions of this Court the plaintiff is not entitled to call to his aid. *Enloe v. Bottling Co.,* 208 N. C., 305; *Perry v. Bottling Co.,* 196 N. C., 175; *Lamb v. Boyles,* 192 N. C., 542; *Cashwell v. Bottling Works,* 174 N. C., 324.

We are constrained to hold that his Honor erred in overruling the demurrer to the evidence and that the judgment below should be
    Reversed.

STACY, C. J., dissenting: It is a *non sequitur* to say that unless the plaintiff offers evidence of other discoveries of substantially similar deleterious substances in the products manufactured by the defendant, he is thereby remitted to the doctrine of *res ipsa loquitur.* There are other ways of showing negligence. *Broadway v. Grimes,* 204 N. C., 623, 169 S. E., 194. Indeed, the propriety of admitting evidence of "other instances" was originally the subject of much debate, *Perry v. Bottling Co.,* 196 N. C., 175, 145 S. E., 14, and its admission is still hedged about with care. *Enloe v. Bottling Co.,* 208 N. C., 305, 180 S. E., 582.

Here the plaintiff has chosen a more direct method of establishing the defendant's negligence. *Dail v. Taylor,* 151 N. C., 284, 66 S. E., 135. He has shown that the bottle of Pepsi-Cola in question was put on the

market by the defendant; that it contained calcium arsenic, a deadly poison, which had settled at the bottom of the bottle on the inside, and was necessarily there when filled with Pepsi-Cola; that it could not be properly cleaned by defendant's machinery because of its crooked neck; and that, if properly inspected, its deformity, as well as its poisonous content, would have been discovered. The defendant's manager himself testifies that the bottle was defective and that if it left the defendant's plant in the condition it was when received by the plaintiff, it had not been properly inspected. This is unequivocal evidence of negligence, far more than a scintilla, and is amply sufficient to carry the case to the jury. *Hampton v. Bottling Co.,* 208 N. C., 331, 180 S. E., 584.

Instead of relying upon an inference deducible from adminicular circumstances, *Etheridge v. R. R.,* 206 N. C., 657, 175 S. E., 124, the plaintiff went straightway to the defendant's plant and elicited from its manager the direct testimony that the identical bottle from which plaintiff drank was "non-uniform, quite un-uniform . . . they are defective if they don't go through the bottle washer and receive a proper washing . . . if the least foreign substance shows up at all when the bottle is held against the light we reject that bottle . . . I would say it has not been properly inspected, if it leaves there in that case" (with foreign substance in bottle). This evidence forms the basis of plaintiff's contention that by reason of its "un-uniformity" the defendant's washing machine failed to reach all of the bottom of this bottle and dislodge the calcium arsenic therefrom, and that it was allowed to leave the defendant's plant without a proper inspection. It is difficult to perceive wherein the evidence is wanting in sufficiency to carry the issue to the jury according to the standard heretofore established and applied in such cases. *Enloe v. Bottling Co., supra; Broadway v. Grimes, supra; Dail v. Taylor, supra.*

The degree of vigilance required of the manufacturer, bottler, or packer, is due care, *i.e.,* commensurate care under the circumstances. *Small v. Utilities Co.,* 200 N. C., 719, 158 S. E., 385. "Those who manufacture or bottle beverages represented to be harmless and refreshing are subject to the duty of using due care to see that in the process of preparing the article for sale no noxious substance shall be mixed with the beverage." *Broadway v. Grimes, supra.*

"According to our standards and practice," says the defendant's manager, "proper inspection involves inspection that will show up and discover any visible foreign substance against the light." The bottle of Pepsi-Cola received by the plaintiff did contain a visible foreign substance. It was prepared at the defendant's plant and placed on the market. Was it properly bottled and inspected by the defendant? The evidence calls for the voice of the twelve.

It is not necessary to show two acts of negligence on the part of the defendant of substantially similar nature "at or about the same time" as a condition precedent to the establishment of liability for the one. The plaintiff may select a different method of proof. This is what he has done here.

SEAWELL, J., concurs in dissent.

CLARKSON, J., not sitting.