ORLENE WOODY v. COCA-COLA BOTTLING COMPANY, INCORPORATED, OF ASHEVILLE, NORTH CAROLINA.

(Filed 25 September, 1940.)

Food § 6—Evidence held sufficient for jury in this action to recover for injuries resulting from foreign, deleterious substance in bottled drink.

Evidence that plaintiff was injured as a result of drinking a bottled drink prepared by defendant which contained a foreign, deleterious substance, that on the same date another person purchased a bottle prepared by defendant which contained a like foreign substance, with evidence that other foreign substances were found on other dates in bottles prepared by defendant, and that when plaintiff took the bottle containing the unconsumed portion of the beverage purchased by her to defendant's manager, he undertook to demonstrate how bottles were tested under a powerful light and the light would not come on, *is held* sufficient to be submitted to the jury.

APPEAL by defendant from *Armstrong, J.,* at February Term, 1940, of RUTHERFORD. No error.

Civil action to recover damages for personal injuries resulting from drinking a bottled beverage containing a deleterious substance.

Plaintiff alleged and offered evidence tending to show that on 28 December, 1938, she purchased a bottle of Coca-Cola which was bottled and marketed by the defendant; that she drank a part of the beverage; that she discovered a dirty, oily looking substance in the bottle and that she became sick immediately and suffered ill effects for some time thereafter. She further offered evidence that another party purchased a bottle of the same beverage on the same date which contained a like substance; that another witness purchased a bottle 20 August, 1938, containing glass, and still another witness purchased a bottle 28 July, 1939, containing a spider. She testified that she carried the bottle purchased by her with the unconsumed portion of the beverage therein to the manager of the defendant company; that he undertook to demonstrate to her how bottles were tested under powerful lights to discover the presence of foreign matter before they were put on the market and that the light would not come on.

There was a verdict and judgment for the plaintiff and the defendant excepted and appealed.

*Stover P. Dunagan, Harry K. Boucher, and Paul Boucher for plaintiff, appellee.*

*Hamrick & Hamrick for defendant, appellant.*

Per Curiam. The applicable law has been fully discussed by this Court in a number of recent cases. *Perry v. Bottling Co.,* 196 N. C., 175, 145 S. E., 14; *Enloe v. Bottling Co.,* 208 N. C., 305, 180 S. E., 582; *Blackwell v. Bottling Co.,* 208 N. C., 751, 182 S. E., 469; *Collins v. Bottling Co.,* 209 N. C., 821, 184 S. E., 834; *Blackwell v. Bottling Co.,* 211 N. C., 729, 191 S. E., 887; *Tickle v. Hobgood,* 216 N. C., 221; *Evans v. Bottling Co.,* 216 N. C., 716. Repetition would serve no good purpose. The evidence was sufficient to be submitted to the jury and in the exceptive assignments of error we fail to find cause for disturbing the verdict.

No error.