Civil action to recover damages for personal injuries resulting from drinking a bottled beverage containing a deleterious substance. *Page 218 
Plaintiff alleged and offered evidence tending to show that on 28 December, 1938, she purchased a bottle of Coca-Cola which was bottled and marketed by the defendant; that she drank a part of the beverage; that she discovered a dirty, oily looking substance in the bottle and that she became sick immediately and suffered ill effects for some time thereafter. She further offered evidence that another party purchased a bottle of the same beverage on the same date which contained a like substance; that another witness purchased a bottle 20 August, 1938, containing glass, and still another witness purchased a bottle 28 July, 1939, containing a spider. She testified that she carried the bottle purchased by her with the unconsumed portion of the beverage therein to the manager of the defendant company; that he undertook to demonstrate to her how bottles were tested under powerful lights to discover the presence of foreign matter before they were put on the market and that the light would not come on.
There was a verdict and judgment for the plaintiff and the defendant excepted and appealed.
The applicable law has been fully discussed by this Court in a number of recent cases. Perry v. Bottling Co., 196 N.C. 175, 145 S.E. 14; Enloev. Bottling Co., 208 N.C. 305, 180 S.E. 582; Blackwell v. Bottling Co.,208 N.C. 751, 182 S.E. 469; Collins v. Bottling Co., 209 N.C. 821,184 S.E. 834; Blackwell v. Bottling Co., 211 N.C. 729, 191 S.E. 887;Tickle v. Hobgood, 216 N.C. 221; Evans v. Bottling Co., 216 N.C. 716. Repetition would serve no good purpose. The evidence was sufficient to be submitted to the jury and in the exceptive assignments of error we fail to find cause for disturbing the verdict.
 No error. *Page 219