HORACE KEITH v. LIGGETT & MYERS TOBACCO COMPANY.

(Filed 28 January, 1935.)

**Food A a—Evidence held insufficient to connect manufacturer with foreign substance found in tobacco by consumer.**

   Evidence that plaintiff purchased a plug of chewing tobacco from a retail merchant of the same brand as manufactured by defendant, and that the tobacco contained a foreign, deleterious substance causing injury to plaintiff is insufficient to resist defendant's motion as of nonsuit. There is no evidence to show a complete chain from the manufacturer to the consumer.

APPEAL by plaintiff from *Cranmer, J.,* at September, 1934, Civil Term, of DURHAM. Affirmed.

This was a civil action, tried before Hon. E. H. Cranmer, Judge, at the September Term, 1934, of the Superior Court of Durham County.

The plaintiff alleged that on or about 9 September, 1933, he purchased a piece of "Spark Plug" tobacco from the store of J. T. May, in the city of Durham, and paid five cents (5c.) for it; that soon after he purchased said tobacco, he took a chew of it and discovered that there was a big, long, green-looking bug embedded in the piece of said tobacco, and as a result thereof he became sick, suffered severe pains, was confined to his bed for a few days, and as a result of said sickness lost about two weeks from his work; that he was employed at the time he became sick and incurred a doctor's and medical bill. He alleged negligence on the part of the defendant in manufacturing the said tobacco and that the said negligence was the sole, efficient, and proximate cause of his sickness and injury and prays for damage in the sum of $2,000.

The defendant in its answer admitted that it manufactured a brand of tobacco known as "Spark Plug," but denied any negligence on its

part in manufacturing said tobacco. The defendant introduced no evidence and at the close of plaintiff's evidence the defendant made a motion for judgment as in case of nonsuit.. C. S., 567. The court below allowed the motion. Plaintiff excepted, assigned error, and appealed to the Supreme Court.

*J. Grover Lee, S. J. Bennett, and A. A. McDonald for plaintiff.*
*Fuller, Reade & Fuller for defendant.*

CLARKSON, J. The principle involved in this case is set forth in *Corum v. Tobacco Co.,* 205 N. C., 213. This decision was cited with approval in *Slraughn v. Coca-Cola Co.,* 205 N. C., 836. In the *Corum case, supra,* the evidence was (p. 214) : "The defendant manufactures a brand of plug or chewing tobacco known as 'Apple Sun-cured.' It sold some of this tobacco to J. W. Smitherman, a wholesale merchant in Winston-Salem, who in turn sold it to Norman Brothers at East Bend, in Yadkin County. On 4 June, 1931, the plaintiff bought a plug of it from Norman Brothers." The evidence in that action was sufficient to be submitted to the jury to show a complete chain from the manufacturer to the consumer. There is no sufficient evidence in the present action to be submitted to the jury on this aspect, and therefore there was no error in the judgment of nonsuit in the court below.

The judgment of the court below is
Affirmed.