*Carswell & Ervin for plaintiff, appellant.*
*J. Laurence Jones and J. L. DeLaney for defendant. appellee.*

PER CURIAM.   It is well established in this jurisdiction that the proprietor of a store, while not the insurer of the safety of customers while on the premises, does owe to such customers the duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warnings of hidden perils and unsafe conditions in so far as same can be ascertained by reasonable inspection and supervision.   In the instant case there is no complaint as to the condition of the stairway or as to the condition of the lights at the time of the accident.   The plaintiff relies solely upon her allegations of negligence in respect to the congested crowd at the head of the steps and as to the alleged negligence on the part of the defendant in conducting a demonstration at or near the head of the steps and in calling up the crowd to see the demonstration.   Plaintiff saw the demonstration in progress, observed the crowd at the head of the steps and proceeded on into the area that was congested.   As a result of the movement of the crowd in response to the call of the demonstrator to come up and see the demonstration she was shoved or pushed in such manner that she lost her balance and fell down the steps.

It would seem to us that this is a casualty of the crowded condition in the store which was not reasonably foreseeable by the defendant. The record fails to disclose any negligent or wrongful act on the part of the defendant or any breach of its duty to the customers in its store. We are, therefore, of the opinion that the judgment of nonsuit was proper.

Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.

---

G. C. McCARN v. GASTONIA 3-CENTA BOTTLING COMPANY.

(Filed 4 May, 1938.)

**Food § 16—**

> Evidence that plaintiff was injured by foreign and deleterious substances which he drank from a bottled drink prepared by defendant, without other evidence of negligence, is insufficient to be submitted to the jury.

SEAWELL, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Armstrong, J.,* at January Term, 1938, of GASTON.

SMITH *v.* BOTTLING CO.

Civil action to recover of manufacturers or bottler damages resulting from drinking bottled beverage containing noxious substance.

The plaintiff purchased a crate of soda water products known as "3-Centa" from the defendant. On Sunday night, 11 July, 1937, about three hours after supper, he drank part of a bottle which came from this crate, and in one-half hour thereafter became very sick. Examination of the remaining contents of the bottle disclosed that it contained "considerable sediment and slimy-appearing substance." 3-Centa is usually a clear drink.

From judgment of nonsuit entered at the close of plaintiff's evidence, he appeals, assigning error.

*J. L. Hamme for plaintiff, appellant.*
*John G. Carpenter and Cherry & Hollowell for defendant, appellee.*

PER CURIAM. The plaintiff's evidence is not sufficient to carry the case to the jury. *Enloe v. Bottling Co.,* 208 N. C., 305, 180 S. E., 582, and cases cited.

Affirmed.

SEAWELL, J., took no part in the consideration or decision of this case.

---

EGBERT SMITH, BY HIS NEXT FRIEND, M. C. SMITH, v. COCA-COLA BOTTLING COMPANY OF HENDERSON, N. C.

(Filed 4 May, 1938.)

**1. Food § 4—**

A person preparing food, medicines, drugs, or beverages in packages or bottles is charged with the duty of exercising due care in their preparation, and under certain circumstances may be held liable in damages to the ultimate consumer.

**2. Food § 15—**

While the doctrine of *res ipsa loquitur* is not available to establish negligence on the part of a person preparing food, drugs, or beverages, such negligence need not be established by direct proof, but may be established by substantially similar incidents in reasonable proximity in time.

**3. Food § 16—**

Evidence of injury resulting from drinking foreign and deleterious substances from a bottled drink prepared by defendant, with evidence that other drinks bottled by defendant at about the same time contained like foreign and deleterious substances, is sufficient to take the case to the jury.

SEAWELL, J., took no part in the consideration or decision of this case.