### J. L. THOMPSON v. DR. PEPPER BOTTLERS CORPORATION.

(Filed 17 April, 1940.)

APPEAL by plaintiff from *Gwyn, J.,* at November Term, 1939, of IREDELL.

Civil action to recover for alleged actionable negligence.

The pleading and evidence disclose that defendant is a corporation engaged in the business of bottling a soft drink known as "Dr. Pepper," in Charlotte, North Carolina; that it distributes the "Dr. Pepper" in bottles to retail dealers in Mooresville, Iredell County, North Carolina, and elsewhere to be sold for human consumption, for which purpose defendant advertises it as a refreshing and health-giving beverage; that defendant directly or through its agents and employees at the times hereinafter mentioned "sold or left for sale" bottled "Dr. Pepper" with the Tuxedo Billiard Parlor in Mooresville, North Carolina.

Plaintiff further alleges and defendant for lack of information denies that on night of 4 July, 1938, plaintiff, after buying a bottle of "Dr. Pepper" in said Tuxedo Billiard Parlor, drank a part of it and discovered therein a foreign substance and was made sick thereby.

Plaintiff offers evidence tending not only to support the further allegation but tending to show that some time in July, 1938, within five or six days from the time plaintiff purchased the bottle as aforesaid, Floyd Beaver and Corbitt Moore found in a bottle of "Dr. Pepper," bought in the Shell Filling Station at the corner of Main and Moore, something like a piece of meat "as big as the end of your thumb, green looking on one side and black looking on the other," with manufacture and sale of which there is no evidence to connect defendant.

Plaintiff appeals to Supreme Court from judgment as of nonsuit entered at close of his evidence, and assigns error.

*Zeb V. Turlington for plaintiff, appellant.*
*Land & Sowers for defendant, appellee.*

REALTY CO. *v.* GILES; DISCOUNT CORP. *v.* WILLIARD.

PER CURIAM. No new question of law is raised in this case on appeal. Hence, in accordance with well settled applicable principles of law as enunciated in *Enloe v. Bottling Co.,* 208 N. C., 305, 180 S. E., 582, and numerous decisions subsequently rendered, the evidence appearing here, taken in the light most favorable to plaintiff as is required in considering demurrer to evidence, C. S., 567, is insufficient to take the case to the jury.

The judgment below is

Affirmed.