### R. W. PERRY v. KELFORD COCA-COLA BOTTLING COMPANY.

(Filed 17 October, 1928.)

**1. Food—Liability of Manufacturer for Injury to Consumer—Deleterious and Foreign Substances—Negligence—Res Ipsa Loquitur.**

An action against a bottling company for damages caused by foreign and deleterious substances contained in the drink sold is one for negligence, and the doctrine of *res ipsa loquitur* does not apply upon the finding of such foreign substances, but negligence need not be proved directly, but may be inferred by relevant acts and circumstances.

**2. Same—Evidence.**

When the plaintiff has offered evidence tending to show that a bottle of coca-cola purchased by him contained shivered glass which caused him injury, it is competent for him to introduce evidence that other bottles of coca-cola sold to others, bottled by the defendant about the same time, contained foreign and deleterious substances, as evidence tending to show defendant's actionable negligence.

CIVIL ACTION for damages, before *Townsend, Special Judge,* at January Special Term, 1928, of HERTFORD.

Plaintiff offered evidence tending to show that in January, 1927, he bought a bottle of coca-cola from Jenkins & Son. Plaintiff testified as follows: "When Jenkins handed me the bottle I began to drink it down and felt something kind of cutting. I kept chewing, but it didn't crush. I thought it was ice. I drank several fine shivers, and there was a piece so large I tried to get it down. I had so much in my mouth that I spit it out. I told Jenkins that there was glass in there. We got down on our knees and looked. He said it was glass and he said the bottle was not broken. I examined it. There is the same in the bottle as it was then, except what I drank." The evidence further tended to show that there was "a good deal" of glass in the bottle, "and it looked like enough to kill anybody." The bottle was purchased by the seller from the defendant and had been in a crate in the seller's store for two or three days. The seller testified that when he took the bottle from the crate and opened it that he inspected it to see if it was broken around the top, and, finding no defect, handed the bottle to the plaintiff. The seller further testified that the bottle had been in his store right where "he had put it." The seller also testified without objection: "We found a stick in one bottle bought from this company. We examine every bottle to see if they are broken." Witness was asked: "Have you ever seen any other bottles bought by you of the Kelford Coca-Cola Bottling Company that had any foreign substance in it?" The defendant objected, and the objection was sustained. Thereupon the plaintiff tendered other witnesses

who would have testified that they each had found foreign substances in bottled coca-cola put up by defendant company some time "about the time" plaintiff claimed to have been injured.

This testimony was excluded by the court.

Five issues were submitted to the jury, the first being, "Was the plaintiff injured by the negligence of the defendant, as alleged in the complaint?" The jury answered this issue no, and did not answer any other issues.

The defendant tendered judgment upon the verdict. The trial judge refused to sign the judgment, and as a matter of law and not as a matter of discretion, set aside the verdict because he was of the opinion that he had committed error in declining to admit evidence tendered by the plaintiff tending to show foreign substances found in other bottles sold by the defendant "at about the time" the plaintiff was injured.

From the order of the trial judge awarding a new trial, the defendant appealed.

*W. W. Rogers and Stanley Winborne for plaintiff.*
*Winston, Matthews & Kenny for defendant.*

BROGDEN, J. The question of law is this: Upon the trial of an action for damages for personal injury caused by shivered glass in a bottle of coca-cola, is it competent upon the question of negligence to show that foreign substances were found in other bottles of beverage bottled and sold by the defendant "at about the same time" plaintiff was injured?

The rule of law governing the liability of the manufacturer of foods and beverages to a consumer, for injury occasioned by deleterious and harmful substance contained in such beverage, is clearly stated in *Crigger v. Coca-Cola Bottling Co.,* 179 S. W., 155. The Supreme Court of Tennessee in that case said: "From a careful consideration of the subject, and after mature thought, we are of the opinion as follows: 1. That one who prepares and puts on the market, in bottles or sealed packages, foods, drugs, beverages, medicines, or articles inherently dangerous owes a high duty to the public, in the care and preparation of such commodities, and that a liability will exist regardless of privity of contract to any one injured for a failure to properly safeguard and perform that duty. 2. This liability is based on an omission of duty or an act of negligence, and the way should be left open for the innocent to escape. However exacting the duty or high the degree of care to furnish pure food, beverages and medicines, we believe with *Cooley, J.,* as expressed in *Brown v. Marshall, supra,* that negligence is a necessary element in the right of action, and the better authorities have not gone so far as to dispense with actual negligence as a prerequisite to the lia-

PERRY v. BOTTLING CO.

bility. In fact, there is no logical basis of liability for personal injury without some negligent act or omission." The authorities upon the subject are contained in the following cases: *Davis v. Van Camp Packing Co.*, 176 N. W., 382, 17 A. L. R., 649; *Birmingham Chero-Cola Bottling Co. v. Clark*, 89 Southern, 64, 17 A. L. R., 667; *Windram Mfg. Co. v. Boston Blacking Co.*, 131 N. E., 454; 17 A. L. R., 669; *Dail v. Taylor*, 151 N. C., 284, 65 S. E., 1101, 66 S. E., 135; *Ward v. Sea Food Co.*, 171 N. C., 33; 87 S. E., 958; *Cashwell v. Bottling Co.*, 174 N. C., 324, 93 S. E., 901; *Grant v. Bottling Co.*, 176 N. C., 256, 97 S. E., 27; *Lamb v. Boyles*, 192 N. C., 542, 135 S. E., 464; *Gill v. Lunch System*, 194 N. C., 803, 139 S. E., 925.

As the cause of action is ordinarily based upon negligence, how can the negligent act or omission establishing liability be proved? It is settled law in this jurisdiction that the principle of *res ipsa loquitur* does not apply to personal injury occasioned by bursting bottles or from eating food alleged to be unwholesome, or for partaking of a bottled beverage when there is no evidence tending to show negligence in the preparation of the food or beverage and no deleterious or harmful substance is found therein. *Dail v. Taylor; Cashwell v. Bottling Co.; Lamb v. Boyles.* However, negligence may be inferred from relevant and pertinent acts and circumstances. Thus, in *Fitzgerald v. R. R.*, 141 N. C., 530, 57 S. E., 219, it was held that: "Direct evidence of negligence is not required, but the same may be inferred from acts and attendant circumstances; and if the facts proved establish the more reasonable probability that the defendant has been guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence."

The evidence offered by the defendant in the case at bar tended to show that the defendant operates a modern and up-to-date plant, but the plaintiff attempted to show that the defendant had placed upon the market "at about the time plaintiff was injured" bottles of coca-cola that contained foreign substances. This was a relevant circumstance upon the issue of negligence to be considered by the jury together with all the other evidence in the case. In both the *Dail* and *Cashwell cases*, involving injury from the explosion of a bottle, this Court held that it was competent to show the explosion of other bottles, placed upon the market by the defendant, upon the question of negligence, and no sound reason occurs to us why the plaintiff should not be entitled to show as a circumstance to be considered by the jury that other bottles of the beverage manufactured and sold by the defendant "at about the same time" plaintiff was injured, contained harmful substances.

In *Lamb v. Boyles, supra*, "the testimony offered by the plaintiff as to other alleged acts of negligence on the part of the defendant was held

not to be admissible as substantive evidence on the first issue and as such it was accordingly excluded." It will be observed, however, that there was no evidence of any foreign matter contained in the ale which the plaintiff drank. Negligence is not presumed from the fact of injury alone in such cases, and as it appeared in that case that no deleterious or harmful ingredient or substance was found in the beverage it followed as a logical conclusion that negligence could not be inferred in the absence of such proof. The fact that other bottles might have contained harmful substances was obviously no proof that the bottle furnished to the plaintiff contained any harmful or injurious substance.

Affirmed.