EVA ENLOE v. CHARLOTTE COCA-COLA BOTTLING COMPANY.

(Filed 26 June, 1935.)

**1. Food A a—**

> The liability of a manufacturer of food or drink in sealed containers for injury to ultimate consumers resulting from unwholesomeness of the product is predicated upon negligence and not implied warranty.

**2. Same—Consumer must establish failure of manufacturer to use due care as cause of unwholesomeness of product in order to recover.**

> In order for an ultimate consumer to recover of the manufacturer for noxious substances in food or drink purchased by the consumer in sealed containers it is necessary for the consumer to establish negligence on the part of the manufacturer in failing to use due care under the circum-stances, and that such negligence was the cause of the unwholesomeness of the product resulting in the injury, and in establishing such negligence the consumer may not rely upon the doctrine of *res ipsa loquitur,* although such negligence need not be directly established, but may be inferred from relevant circumstances, but the installation by the manufacturer of modern machinery and appliances, such as are in general and approved use, does not *ipso facto* negative negligence on its part.

Enloe v. Bottling Co.

3. **Same: Evidence D h—Competency of evidence that noxious substances had been found by-others in product of manufacturer.**

In establishing negligence on the part of the manufacturer as the cause of unwholesomeness of its product resulting in injury to an ultimate consumer, it is competent for the consumer to show by evidence that others had found noxious substances in the product of the manufacturer, when such other occurrences are so substantially similar, and within such reasonable proximity of time, as to show the likelihood of a similar occurrence at the time of plaintiff's injury, but proof of the explosion from gas pressure of a single bottle of a drink put up by the defendant, without more, is insufficient to carry the case to the jury on the issue of negligence.

4. **Same—**

Testimony of a witness of finding a like deleterious substance in the product of the defendant manufacturer *is held*, under the facts of this case, too remote in point of time to be competent as tending to show a like occurrence at the time of plaintiff's injury.

5. **Same—**

Plaintiff alleged that she was injured by drinking coca-cola from a bottle which contained a dead mouse. Evidence that others had found glass in bottles of coca-cola prepared by defendant *is held* incompetent, since it tends to establish a dissimilar rather than a similar source of deleteriousness from that of which plaintiff complains, and was too remote in point of time.

Clarkson, J., dissents.

Appeal by defendant from *Hill, Special Judge,* at October Special Term, 1934, of Mecklenburg.

Civil action by ultimate consumer to recover of manufacturer or bottler damages resulting from drinking bottled beverage containing noxious substance.

On 8 April, 1933, the plaintiff purchased from a retail grocery store in the city of Charlotte a bottle of coca-cola, which had been manufactured or bottled and placed on the market by the defendant. She became ill from drinking part of its contents, and, upon investigation, it was found that the bottle contained a rat or mouse. Negligence is alleged against the manufacturer or bottler, and the action is to recover in tort.

The plaintiff was allowed to show, over objection of defendant, that on five other occasions coca-cola bottled by the defendant was found to contain foreign substances. These instances were as follows:

1. Mrs. Henrietta Courtney testified that she bought a bottle of coca-cola from a store in Charlotte in February, 1931, "drank a swallow and it burned her throat."

2. B. W. Williams testified that on 29 August, 1932, he purchased a bottle of coca-cola at a Greek cafe in Charlotte which contained "some kind of green-looking thing. I don't know what it was."

3. L. D. Yerton testified that on 7 April, 1934, he bought a bottle of coca-cola from Tom Kutches' cafe in Charlotte which "had a dead fly in it."

4. Bertha Lee testified that on 26 June, 1934, she bought a bottle of coca-cola at Yancey's Drug Store in Charlotte which contained "three or four pieces of glass."

5. J. R. Moore testified that on 27 August, 1934, he bought a bottle of coca-cola from a cafeteria in Charlotte and "found some glass in it."

It is in evidence that the defendant placed on the market all the bottled coca-cola sold in the Charlotte territory or district.

The defendant offered the inspector for the State Food Department, who testified in part as follows: "I made five inspections (of the defendant's plant) in 1933—2 February, 19 May, 6 June, 2 October, and 16 November. I found the plant in good condition every time. . . . I am familiar with the methods approved and in general use for safeguarding drinks bottled in bottling plants in this territory, and was familiar with those methods in 1933. The method used by the Charlotte plant, including machinery and building, is considered to be of the highest standard. . . . The machinery in the Charlotte Coca-Cola Bottling Company is the latest model, standard, and up to date."

There was other evidence to the same effect, none of which was controverted.

The issue of negligence was found against the defendant, and plaintiff was awarded damages in the sum of $1,500.

Defendant appeals, assigning errors.

*D. E. Henderson, G. T. Carswell, and Joe W. Ervin for plaintiff.*
*John M. Robinson and Hunter M. Jones for defendant.*

STACY, C. J. In considering the questions presently presented, it may be helpful to plot again the course of the decisions in this jurisdiction respecting the liability of one who manufactures or prepares in cans, sealed packages, or bottles, foods, medicines, drugs, or beverages and places them on the market, for injuries sustained by the ultimate consumer or user who purchases such goods from a dealer or middle-man and not from the manufacturer, bottler, or packer.

These propositions are established:

1. That the basis of liability is negligence rather than implied warranty. *Thomason v. Ballard, ante,* 1; *Perry v. Bottling Co.,* 196 N. C., 175, 145 S. E., 14; *Grant v. Bottling Co.,* 176 N. C., 256, 97 S. E., 27; *Ward v. Sea Food Co.,* 171 N. C., 33, 87 S. E., 958.

2. That the standard of vigilance required of the manufacturer, bottler, or packer, is due care, *i.e.,* commensurate care under the circum-

stances. *Broadway v. Grimes,* 204 N. C., 623, 169 S. E., 194; *Corum v. Tobacco Co.,* 205 N. C., 213, 171 S. E., 78; *Small v. Utilities Co.,* 200 N. C., 719, 158 S. E., 385.

3. That the installation by the manufacturer, bottler, or packer, of modern machinery and appliances, such as is in general and approved use, does not *ipso facto* or perforce exculpate the defendant from liability. *Grant v. Bottling Co., supra.*

4. That the unwholesomeness of the product which proximately results in injury to the consumer must be traced to the negligence of the manufacturer, bottler, or packer. *Keith v. Tobacco Co.,* 207 N. C., 645.

5. That in establishing the alleged negligence of the manufacturer, bottler, or packer, the plaintiff is not entitled to call to his aid the doctrine of *res ipsa loquitur. Lamb v. Boyles,* 192 N. C., 542, 135 S. E., 464; *Cashwell v. Bottling Works,* 174 N. C., 324, 93 S. E., 901; *Perry v. Bottling Co., supra; Dail v. Taylor,* 151 N. C., 284, 66 S. E., 135; Note, 47 A. L. R., 148.

6. That proof of the explosion from gas pressure of a single bottle of coca-cola (*Dail v. Taylor, supra*), pepsi-cola (*Cashwell v. Bottling Works, supra*), ginger ale (*Lamb v. Boyles, supra*), without more, is not sufficient to carry the case to the jury on the issue of negligence. *Broadway v. Grimes, supra.*

7. That a way of escape is to be left open for the careful and prudent manufacturer, bottler, or packer. *Thomason v. Ballard, supra; Lamb v. Boyles, supra; Grant v. Bottling Co., supra; Dail v. Taylor, supra.*

8. That direct proof of actionable negligence on the part of the defendant is not required. Such negligence may be inferred from relevant facts and circumstances. *Broadway v. Grimes, supra; Dail v. Taylor, supra.*

9. That as tending to establish the principal fact in issue, to wit, the alleged actionable negligence of the defendant, it is competent for the plaintiff to show that like products manufactured under substantially similar conditions and sold by the defendant "at about the same time" contained foreign or deleterious substances. *Perry v. Bottling Co., supra; Dail v. Taylor, supra; Ward v. Sea Food Co., supra; Davis v. Packing Co.,* 189 Ia., 775, 176 N. W., 382, 17 A. L. R., 649.

10. That such similar instances are allowed to be shown as evidence of a probable like occurrence at the time of plaintiff's injury, when accompanied by proof of substantially similar circumstances and reasonable proximity in time. *Perry v. Bottling Co., supra; Broadway v. Grimes, supra; Grant v. Bottling Co., supra; Etheridge v. R. R.,* 206 N. C., 657, 175 S. E., 124; 22 C. J., 750, *et seq.*

Tested by the foregoing standards, or established rules, it would seem that insufficient predicate was laid for the introduction, at least, of

some of the evidence tending to show other occurrences in which delete-
rious substances were found in the bottles of coca-cola placed on the
market by the defendant. *Broadway v. Grimes, supra.* The testimony
of Mrs. Henrietta Courtney related to a transaction too remote in point
of time, there being nothing to show that it was one of a series of
similar occurrences preceding or following the date of plaintiff's injury
or that the circumstances were substantially the same as in the instant
case. *Perry v. Bottling Co., supra.* Likewise, the testimony of Bertha
Lee and J. R. Moore related to substances, particles of glass, suggestive
of a dissimilar, rather than a similar, source of deleteriousness from
that of the substance of which the plaintiff complains; and it is not
disclosed by the record that the testimony of L. D. Yerton was properly
safeguarded, if, indeed, all these occurrences were not merely isolated
instances, widely separated, and too remote in point of time. 22 C. J.,
750. At least, the admission of this evidence was in excess of the
liberality allowed, upon rulings, in *Dry v. Bottling Co.,* 204 N. C., 222,
167 S. E., 801, and *Broom v. Bottling Co.,* 200 N. C., 55, 156 S. E.,
152.

The limitation on the admissibility of this kind of evidence was con-
sidered in the recent case of *Etheridge v. R. R.,* 206 N. C., 657, 175
S. E., 124.

New trial.

CLARKSON, J., dissents.