Action to recover damages for alleged actionable negligence.
Plaintiff alleged and offered evidence tending to show that while operating a cafe in the city of Lexington, North Carolina, he bought "bottled drinks" from the defendant every morning; that on 27 January, 1937, he bought a create of 24 bottles of ginger ale; that the same was delivered to him from a truck by Roy Wallace, who works for the defendant; that later during the day Mr. Beck and Walt Warner were in the cafe. Beck bought a "Dr. Pepper," and at the same time plaintiff drank a part of the ginger ale from one of the bottles purchased by him that morning, and found in it a large green fly covered with fungus; that the bottle had not been opened or tampered with; that after drinking he became violently sick and has continued to suffer therefrom. Plaintiff further offered testimony tending to show that about this same time when people bought and drank "bottled drinks" in his cafe, he found a fly and match stems. He testified: "I turned these bottles in which I found these substances in to Roy Wallace, who works for the defendant company. The defendant replaced them with other bottles — full bottles"; that he had opened "bottled drinks" three or four times and found foreign substances in them.
Plaintiff further offered evidence tending to show that in "September a year ago" in a bottle of Coca-Cola purchased from the defendant a green fly was found; and in March, 1937, in a bottle of Coca-Cola, likewise purchased from the defendant, there was found a fungus mass.
Plaintiff offered in evidence a portion of the answer reading: "The defendant does not deny that it sold to the plaintiff bottled soda water
about the time therein set out."
From judgment as of nonsuit at the close of plaintiff's evidence, plaintiff appealed to the Supreme Court and assigned error. *Page 672 
Taking the testimony in the light most favorable to the plaintiff, there is failure of proof requisite in cases of this character as set forth inEnloe v. Bottling Co., 208 N.C. 305, 180 S.E. 582, and cases therein cited. The bottled drink in question was "ginger ale." There is no evidence tending to show that in like products manufactured under substantially the same conditions and sold by the defendant "at about the same time" contained foreign or deleterious substances. Perry v. Bottling Co.,196 N.C. 175, 145 S.E. 14; Enloe v. Bottling Co., supra; Blackwell v.Bottling Co., 208 N.C. 751, 182 S.E. 469; Collins v. Bottling Co.,209 N.C. 821, 184 S.E. 834.
The judgment below is
Affirmed.