G. W. TICKLE v. FRANK P. HOBGOOD, ADMINISTRATOR OF THE ESTATE OF J. FRANK HARRISON, DECEASED, TRADING AND DOING BUSINESS UNDER THE NAME AND STYLE OF COCA-COLA BOTTLING COMPANY OF BURLINGTON, NORTH CAROLINA.

(Filed 27 September, 1939.)

1. **Food § 15—**

   While the doctrine of *res ipsa loquitur* does not apply to the finding of a foreign, deleterious substance in a bottled drink, direct evidence of actionable negligence is not required, but such negligence may be inferred from relevant facts and circumstances, such as the finding of like substances in other bottles manufactured by defendant under similar conditions at about the same time.

2. **Food § 16—Evidence held insufficient for jury in this action for damages allegedly caused by foreign, deleterious substance in bottled drink.**

   Plaintiff instituted this action for damages upon allegation and evidence that he was injured as a result of drinking a bottled drink containing a foreign, deleterious substance, which was prepared by defendant. The retailer from whom plaintiff purchased the bottle testified that he saw a greasy substance in the lower corner of another bottle, prepared by defendant at about the same time, which was on the inside because it could not be rubbed off, but that he did not open the bottle. *Held:* The testimony that there was a greasy substance on the inside of the bottle was a mere conclusion of the witness, both as to the nature of the substance and that it was on the inside of the bottle, and plaintiff's evidence is insufficient to overrule defendant's motion for judgment as of nonsuit.

SCHENCK, J., dissenting.

CLARKSON and SEAWELL, JJ., concur in dissent.

APPEAL by defendant from *Spears, J.,* at September Term, 1938, of ALAMANCE. Reversed.

Civil action to recover damages for personal injuries resulting from drinking bottled beverage containing a deleterious substance.

There was evidence that the plaintiff purchased a bottle of Coca-Cola which had been bottled and placed on the market by the defendant; that he became sick when he drank it; and, that he subsequently discovered decomposed animal matter in the bottle. The only evidence offered by the plaintiff to show that the defendant manufactured and sold, under substantially similar conditions and about the same time, other bottles containing foreign or deleterious substances, was the testimony of one B. M. Barker, who testified: "Some days, or within a' week of the occurrence of Mr. Tickle (the plaintiff) I examined another bottle of Coca-Cola purchased from the Burlington Coca-Cola people (the defendant). There was a greasy substance in the lower corner of the bottle; it was in the inside because you could taste and rub it on the outside and you would not move it. I didn't open that bottle of Coca-Cola." He further testified that he did not shake or open the bottle.

The court denied the defendant's motion for judgment as of nonsuit at the conclusion of the plaintiff's evidence and at the conclusion of all the evidence, to which the defendant duly excepted. There was a verdict and judgment for plaintiff, and the defendant excepted and appealed.

*Dameron & Young and T. C. Carter for plaintiff, appellee.*
*Long, Long & Barrett and R. M. Robinson for defendant, appellant.*

BARNHILL, J. In actions for damages for personal injuries resulting from consumption of bottled beverages the plaintiff may not rely upon the doctrine of *res ipsa loquitur; Enloe v. Bottling Co.,* 208 N. C., 305, 180 S. E., 583, and cases there cited. At the same time the plaintiff is not required to offer direct proof of actionable negligence on the part of the defendant; such negligence may be inferred from relevant facts and circumstances, *Enloe v. Bottling Co., supra; Broadway v. Grimes,* 204 N. C., 623, 169 S. E., 194. The usual, and an approved method, of establishing negligence in such cases is by offering evidence tending to show that like products manufactured under similar conditions and sold by the defendant "at about the same time" contained foreign or deleterious substances. Such similar instances are allowed to be shown as evidence of probable like occurrence at the time of plaintiff's injuries, when accompanied by proof of substantially similar instances and reasonable proximity in time. *Enloe v. Bottling Co., supra,* and cases there cited.

It is not necessary for us to now discuss or decide whether one other instance is sufficient to require the submission of a cause to the jury.

If the evidence offered by the plaintiff, through the witness Barker, is insufficient to show another instance at or about the same time of a sale by the defendant of bottled Coca-Cola containing foreign or deleterious substance, then the motion for judgment as of nonsuit should have been allowed.

The evidence of this witness, when analyzed, amounts to nothing more than the expression of an opinion. He saw what appeared to be a greasy spot on the bottle. By "rubbing and tasting the spot" he satisfied himself that it was not on the outside. Thereupon, he concluded that it was on the inside. It is just the same as if he had testified: "I saw what appeared to be a greasy spot on the inside of the bottle. Judging from its appearance, I am of the opinion that it was a greasy spot." This does not rise to the dignity of substantive evidence and is not sufficient. In fact, the spot might have been an air bubble or other defect in the bottle; or the settlement of the syrup in the Coca-Cola; or it might have been caused by any one of a number of other conditions. Those who viewed it might well have formed varying opinions as to its nature and substance. The so-called evidence is merely a surmise, speculative in nature, and does not constitute evidence of another instance in which the defendant sold a bottled Coca-Cola containing deleterious matter.

As the plaintiff offered no competent evidence of other instances in which the defendant had sold bottled Coca-Cola "at or about the same time" containing deleterious matter, there was no sufficient evidence offered to require the submission of the cause to the jury. The motion for judgment as of nonsuit should have been allowed.

Reversed.

SCHENCK, J., dissenting: This is an action by a consumer to recover of a bottler damages resulting from drinking bottled beverage containing noxious substance. The only exceptions set out in the appellant's brief are those to the denial by the court of the defendant's motion for judgment as in case of nonsuit, made when plaintiff had introduced his evidence and rested his case, and renewed after the evidence on both sides was in. C. S., 567.

There was plenary evidence that the plaintiff purchased a bottle of Coca-Cola which had been bottled and placed on the market by the defendant, and was made sick when he drank it, and subsequently discovered decomposed animal matter in the bottle.

To establish the actionable negligence of the defendant by showing "that like products manufactured under substantially similar conditions and sold by the defendant 'at about the same time' contained foreign

or deleterious substances" (*Enloe v. Bottling Co.,* 208 N. C., 305), the plaintiff relied upon the testimony of one B. M. Barker.

The witness Barker testified: "Some few days or within a week after the occurrence of Mr. Tickle (the plaintiff) I examined another bottle of Coca-Cola purchased from the Burlington Coca-Cola people (the defendant). . . . It was a greasy substance in the lower corner of the bottle. It was in the inside because you could taste and rub on the outside and you would not move it. I didn't open that bottle of Coca-Cola . . . and had it set up. . . . The Coca-Cola wagon of the Burlington Coca-Cola Company gave me another in place of it." On cross-examination the witness testified further: "I said yesterday it looked like a greasy substance. There was no other color about it except the greasy proposition. I did not shake the bottle. I turned it back to the driver of the wagon."

I am of the opinion that this testimony is more than a scintilla of evidence of another instance of foreign matter in a beverage bottled by the defendant "at about the same time," and under similar circumstances, as the beverage purchased and drank by the plaintiff was bottled. Such being the state of the evidence, I think the case was properly submitted to the jury. *Broadway v. Grimes,* 204 N. C., 623; *Corum v. Tobacco Co.,* 205 N. C., 213; *Enloe v. Bottling Co., supra,* and cases there cited; *Blackwell v. Bottling Co.,* 211 N. C., 729.

CLARKSON and SEAWELL, JJ., concur in dissent.