SARAH ASHKENAZI, BY HER NEXT FRIEND, MRS. SOFIA ASHKENAZI,
v. NEHI BOTTLING COMPANY.

(Filed 8 May, 1940.)

Negligence § 19a—Evidence of negligence resulting in explosion of bottle containing soft drink held sufficient.

The evidence tended to show that a bottle of Royal Crown Cola, purchased from a retailer to whom defendant manufacturer had sold same, exploded and injured plaintiff while she was carrying same to her mother to be opened. A witness for plaintiff testified that about five months prior to the injury in suit a bottle of Royal Crown Cola, prepared by defendant, exploded in the witness' ice box and cut the witness' finger. Another witness testified that about a month before the injury in suit two bottles of Royal Crown Cola exploded while defendant's salesman was placing them in his ice box. Defendant's president and general manager testified on adverse examination that he knew that if bottles were hot and were placed in cold water with syrup in them they would explode, and that bottles had exploded on the machine ever since he had been bottling them. *Held:* Plaintiff's evidence tended to show that other bottles prepared by defendant exploded under substantially similar circumstances and within reasonable proximity in time, and defendant's motion to nonsuit was properly overruled.

BARNHILL, J., dissenting.
WINBORNE, J., concurs in dissent.

APPEAL by plaintiff from *Sink, J.,* at February Term, 1940, of MECKLENBURG.

*Ralph V. Kidd and Uhlman S. Alexander for plaintiff, appellant.*
*J. Laurence Jones for defendant, appellee.*

SCHENCK, J.    This is a civil action by an ultimate consumer to recover of a bottler damages resulting from the explosion of a bottle of Royal Crown Cola.    At the conclusion of the plaintiff's evidence the court sustained defendant's motion for judgment as in case of nonsuit, C. S., 567, and from judgment accordingly, the plaintiff appealed, assigning error.

There was sufficient evidence to establish that while the plaintiff was carrying a bottle of Royal Crown Cola, which had been bottled and sold by the defendant to a merchant, who in turn had sold it to her sister, the bottle exploded and injured the plaintiff.

The sole question presented by the exceptions and briefs filed is whether there was sufficient evidence of other instances of bottles bottled by the defendant exploding under "substantially similar circumstances and reasonable proximity in time" to bring the case within the principles enunciated in *Dail v. Taylor,* 151 N. C., 285; *Cashwell v. Bottling Works,* 174 N. C., 324; *Perry v. Bottling Co.,* 196 N. C., 175; *Enloe v. Bottling Co.,* 208 N. C., 305.

The allegation is, and the evidence tends to prove, that the bottle exploded in the hands of the plaintiff on 21 September, 1939, and cut and injured her face.

The witness Camp testified in effect that in the month of April, 1939, he was gathering up Coca-Cola bottles from an ice box, in Cherryville, Gaston County, and that under the Coca-Cola bottles there was a crate of Royal Crown Cola, and as he reached down to pick up a Coca-Cola bottle a Royal Crown Cola bottle exploded and cut his finger.

The witness Sharpe testified in effect that one day in August, 1939, while the salesman of the defendant was placing Royal Crown Cola in his ice box in Charlotte, two of the bottles exploded, and scattered glass.

The testimony of A. B. Fitzgerald, taken on adverse examination by the plaintiff, was introduced in evidence and was to the effect that he was president and general manager of the defendant corporation, and had been since its formation in 1925, and he knew that if bottles were hot and were put in cold water with syrup in them they would explode—too drastic a change of temperature would make them explode on the machine.    "They have exploded on the machine ever since I have been bottling."    "The general conditions under which we manufacture, bottle and distribute the beverage known as Royal Crown Cola in Mecklenburg

County have not changed any in the last four years, and we are using the same methods of preparation and bottling that we used in the last four years."

We are of the opinion, and so hold, that this evidence when construed in the light most favorable to the plaintiff, as it must be upon demurrer thereto, is sufficient to carry the case to the jury, and that the court erred in granting the motion for and entering a judgment as in case of nonsuit.

Reversed.

BARNHILL, J., dissenting: The plaintiff has failed to offer any evidence of other instances of bottles exploding under "substantially similar circumstances." The plaintiff took up a bottle of Royal Crown Cola which was in her home. While she was carrying it to her mother to be opened it exploded. This alone is not evidence of negligence and there is no explanation in the evidence as to what caused the bottle to explode. If the plaintiff has failed to offer evidence that bottles manufactured and put on the market for sale by the defendant at approximately the same time exploded under substantially similar circumstances there is no evidence of negligence.

Witness Camp testified that in gathering Coca-Cola bottles he went to the grocery store of one McCord, reached underneath the ice box where there was a crate containing 24 bottles of Royal Crown Cola; that an empty Coca-Cola bottle was lying on top of the case of Royal Crown Colas; that one of the bottles of Royal Crown Cola exploded but that he did not know whether in getting the Coca-Cola bottle he struck the other bottle or not. The explosion of this bottle was under substantially different circumstances than the incident of which the plaintiff complains.

The witness Sharpe testified that a Royal Crown Cola salesman came to his place of business and proceeded to put Royal Crown Cola in the ice box which contained soft drinks for the use of his customers; that he was five or ten feet from the box; that as the salesman was putting bottles in the ice box he heard an explosion; that upon investigation he found that two Royal Crown Cola bottles were broken; that on a former occasion another bottle exploded while the salesman was putting the bottled drinks in the ice box; and that he did not know whether the salesman struck the bottles he had in his hand against others or not. These are not similar instances.

The manager of the defendant corporation testified that if bottles are hot and are put in cold water with syrup in them they will explode; that a drastic change in temperature will cause an explosion. There is no evidence that the bottle which plaintiff had was subjected to a

drastic change of temperature or that it, while hot, was put in cold water. The manager further testified that bottles in the manufacturing plant on the machine would, at times, explode. Certainly a bottle actually on the machine being cleansed, filled and capped, is not being handled in a manner similar to that in which the plaintiff was handling the one she had.

For the reasons stated I am unable to agree that the court below committed error in granting the motion to dismiss as of nonsuit.

WINBORNE, J., concurs in this opinion.