W. E. DAVIS v. COCA-COLA BOTTLING COMPANY OF ASHEVILLE.

(Filed 8 October, 1947.)

**1. Foods § 6c—**

The doctrine of *res ipsa loquitur* does not apply to the bursting of a bottle of Coca-Cola, and standing alone, it is insufficient to make out a case of actionable negligence.

**2. Same—**

Evidence that plaintiff was injured by the internal explosion or bursting of a bottle of Coca-Cola and that other bottles prepared by the same manufacturer within a reasonable proximity in time had in like manner unaccountably exploded, *is held* sufficient to make out a case of actionable negligence.

**3. Foods § 6b: Evidence § 26—**

In an action to recover for injury sustained from the internal explosion of a bottle of Coca-Cola, evidence that other bottles prepared by defendant under substantially similar conditions had exploded, is competent when accompanied by proof of substantially similar circumstances and reasonable proximity in time.

BARNHILL, J., dissenting.

APPEAL by defendant from *Pless, J.,* at May Term, 1947, of HENDERSON. No error.

This was an action to recover damages for an injury to plaintiff's hand caused by the bursting of two bottles of Coca-Cola sold to him by the defendant.

The plaintiff testified that at the time of his injury he was proprietor of a restaurant in Hendersonville, and regularly during the summer of 1944 purchased from the defendant bottled Coca-Cola, delivered from its plant in cases of 24 bottles, to be sold customers in his place of business. About 14 August, 1944, in removing some of these bottles from a case to be placed in a large icebox or cooler he picked up two bottles in his right hand, and as he was putting them in the cooler, both bottles suddenly burst or exploded, the glass cutting his hand and wrist and causing serious injury. The two bottles had not touched anything before they burst, and seemed to "burst all to pieces." The cases of Coca-Cola when delivered were first placed by defendant's driver in an adjoining room, whence they were removed to the front room and bottles taken therefrom and put in the icebox. On this occasion four or five cases had been stacked up by defendant's driver, and the plaintiff removed the two cases on top and was putting the bottles from them in the icebox when the explosion occurred.

Another witness testified that he worked in plaintiff's restaurant during the summer of 1944, and observed that several of these Coca-Cola bottles purchased from defendant burst; that on one occasion as he was putting bottles of Coca-Cola from a case into the icebox, and had raised up and turned, a bottle burst. He testified he handled the bottles carefully, taking up one or two at a time, and laying them in the icebox. Three or four exploded during that summer in similar manner.

Another witness testified he was employed by plaintiff in his restaurant at the time; that three or four days after plaintiff was injured witness placed a number of bottles of Coca-Cola in the icebox and shortly thereafter heard an explosion and found a bottle had burst. The broken bottle was lying on the top of the other bottles.

It was admitted that defendant was engaged in the manufacture, bottling and sale of Coca-Cola "at all times mentioned herein," and, according to defendant's witness, with the same machinery and in same manner, particularly "between May 1st and August 30th, 1944."

Defendant's evidence tended to show that the bottles were of uniform size and shape, and were carefully inspected before filling; that the bottling operation was carried on by defendant in a careful manner and with approved machinery and in accord with the best methods; that the carbonated water was infused by machinery to the regulated pressure of 48 pounds to the square inch; that it would require from 440 to 700 pounds pressure to cause an internal explosion in a Coca-Cola bottle; and that the description of the breaking and its effect on the bottle (caps and bottoms intact) as testified, would indicate the breaking of the bottles was due to some other or outside cause and not to defective bottles or overcharge.

On issues submitted to the jury there was verdict that plaintiff was injured by the negligence of the defendant, and that he had suffered damage in the sum of $500. From judgment on the verdict, defendant appealed.

*Monroe M. Redden and J. E. Shipman for plaintiff, appellee.*
*Williams, Cocke & Williams for defendant, appellant.*

DEVIN, J. Plaintiff's action for damages for the injury caused by the bursting of bottles containing Coca-Cola which had been bottled and sold by the defendant was based on allegations of negligence, and defendant's appeal presents only the question whether sufficient evidence of negligence on the part of the defendant was offered to carry the case to the jury. Error is assigned in the denial of defendant's motion for judgment of nonsuit.

DAVIS *v.* BOTTLING CO.

It is well settled in this jurisdiction that proof of injury caused by the explosion of a bottle containing a carbonated beverage, alone, would not be sufficient to make out a case of actionable negligence. The doctrine of *res ipsa loquitur* does not apply. *Dail v. Taylor,* 151 N. C., 284, 65 S. E., 1101; *Cashwell v. Bottling Works,* 174 N. C., 324, 93 S. E., 901; *Lamb v. Boyles,* 192 N. C., 542, 135 S. E., 464; *Perry v. Bottling Co.,* 196 N. C., 175, 145 S. E., 14.

But in cases where compensation is sought for injury caused by such explosion, the rule established by this Court is that when it is made to appear that other bottles filled by the same bottler, under similar circumstances, about the same time, have exploded, there is afforded some evidence of negligence sufficient to be submitted to the jury, as it would thus form the basis for the permissible inference that the bottler had not exercised that degree of care required of him under the circumstances. *Enloe v. Bottling Co.,* 208 N. C., 305, 180 S. E., 582; *Grant v. Bottling Co.,* 176 N. C., 256, 97 S. E., 27; *Cashwell v. Bottling Works, supra; Fitzgerald v. R. R.,* 141 N. C., 530, 54 S. E., 391. And this court has been careful, before permitting plaintiff's case to be submitted to the jury, to require that plaintiff offer evidence of other instances of bottles filled by defendant exploding under "substantially similar circumstances and reasonable proximity in time." *Ashkenazi v. Bottling Co.,* 217 N. C., 552, 8 S. E. (2d), 818. As tending to show actionable negligence on the part of the defendant, it is competent for plaintiff to show that products produced by the defendant under substantially similar conditions and sold by it at about the same time contained the same defects, such similar instances being allowed to be offered as some evidence of defendant's negligence at time of plaintiff's injury "when accompanied by proof of substantially similar circumstances and reasonable proximity in time." *Tickle v. Hobgood,* 216 N. C., 221, 4 S. E. (2d), 444; *McLeod v. Bottling Co.,* 212 N. C., 671, 194 S. E., 82; *Enloe v. Bottling Co.,* 208 N. C., 305, 180 S. E., 582; *Broadway v. Grimes,* 204 N. C., 623, 169 S. E., 194.

Under the rule laid down by this Court and uniformly followed in the cases cited, we conclude that the plaintiff has offered sufficient evidence to require submission of his case to the jury, and that defendant's motion for judgment of nonsuit was properly denied.

No error.

BARNHILL, J., dissenting: I am compelled to enter my dissent for the reason, in my opinion, there is no evidence in the record tending to show that the Coca-Cola handled by plaintiff at the time he was injured and that in the possession of the other witnesses who gave evidence of other instances of bursting bottles was manufactured or bottled at or about

the same time. This is an essential link in the circumstantial evidence tending to establish negligence on the part of defendant under the "other instances" doctrine. In the absence of such proof I vote to sustain the exception to the refusal of the court to dismiss as in case of nonsuit.