16183

MERCHANT v. COLUMBIA COCA-COLA BOTTLING CO.
(51 S. E. (2d) 749)

*Messrs. C. T. Graydon and John Gregg McMaster,* of
Columbia, for *Appellant,*

*Messrs. Herbert & Dial and Thomas, Cain & Black,* of Columbia, *for Respondent,*

February 11, 1949.

FISHBURNE, Justice.

This action is for the recovery of damages for personal injuries alleged to have been sustained by the plaintiff from the explosion of a bottle of coca-cola, a carbonated beverage, bottled and distributed by the defendant. At the time of the accident the plaintiff was a customer in the Wales Gardens Grocery, a retail store in the city of Columbia, where she was in the habit of trading. On the afternoon of June 20, 1946, she entered the store to make her purchases. She walked to about midway of the store, where the coca-cola crates were stacked, one upon the other, and picked up four bottles of coca-cola—two bottles in each hand, held between her fingers. She retraced her steps to a customer's push cart and laid the bottles flat in the upper basket. No other arti-

cles were in the basket at that time. As she straightened up, one of the bottles exploded, and fragments of glass therefrom cut her severely in the face, which necessitated immediate medical and surgical attention.

The complaint alleges, among other things, that the defendant was negligent in selling bottles containing coca-cola which, on account of excessive pressure of gas, or by reason of some defect in the bottle, was dangerous to the consuming public, and likely to explode. After submitting testimony as to the injury sustained, and the circumstances connected with the accident, and additional evidence to which we shall presently refer, the plaintiff rested. The defendant then moved for a nonsuit, which was granted. The trial court, viewing the case as a common law action for damages, held that there was not sufficient evidence to take the case to the jury without invoking the doctrine of *res ipsa loquitur*, which is not applicable in this jurisdiction. *Eickhoff v. Beard-Laney, Inc.*, 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010; and the many cases therein cited.

Rejection of this rule of evidence does not mean, however, as is pointed out in the *Eickhoff case*, and many others, that negligence may not be established by circumstantial evidence as well as by direct evidence.

The plaintiff, after offering evidence with reference to the matters already stated in connection with the accident, introduced testimony to the effect that both prior and subsequent to the plaintiff's injury, bottles of coca-cola bottled and distributed by the defendant to the Wales Gardens Grocery, had burst and exploded under similar circumstances. The plaintiff testified that she picked the coca-cola bottles carefully from the topmost crate on the stack without striking them together, and placed them in the upper basket of the push cart; that they struck no other object, and that as she straightened up, one of them exploded.

Another witness, Mr. Patton, who was a clerk in the grocery store, and had been so employed for eighteen years, was talking with the plaintiff when the accident occurred. He stated that at that time, in 1946, there was a scarcity of bottled coca-colas. Wales Gardens Grocery bought coca-colas exclusively from the defendant, and deliveries were made twice a week. The defendant made the deliveries in its own truck. The crates of coca-cola—usually limited to about ten —were brought in by the defendant's truck driver and stacked by him on the floor in the middle of the store. The store employees had nothing to do with the actual handling of the crates or cases, except to remove the top crate from the stack when it became empty. As the supply was limited, only four bottles were sold to one customer at a time. This witness stated that he had seen other bottles of coca-cola explode at other times in the store prior to the accident to the plaintiff, in the same manner. He also testified that about two hours after the accident to the plaintiff another bottle of coca-cola exploded from the same shipment. This latter explosion occurred when the bottle in question was being placed by another customer in the lower basket of a push cart, but that no one was injured.

Another employee, who was the cashier of the grocery store, testified that she was at the cash register, and witnessed the explosion of the coca-cola bottle which injured the plaintiff, and was also in the store when the second bottle exploded in a basket later the same afternoon. She stated that other bottles of coca-cola, purchased from the defendant, a few weeks or a few months prior to the accident in question, had exploded while in the crates stacked on the floor of the store. Most of the explosions, as did this one, occurred in the Summer time.

There are many cases dealing with the problem of whether the doctrine of *res ipsa loquitur* is applicable to the explosion of a bottle of carbonated beverage after the bottle has left the possession of the bottler. See

Annotations, 4 A. L. R. 1094; 8 A. L. R. 500; 39 A. L. R. 1006; 56 A. L. R. 593. We are not concerned, however, in this case with the application of this rule, because we think the circumstantial evidence introduced by the plaintiff was sufficient to take the case to the jury on the issue of negligence.

This conclusion is in accord with some of the more recent cases holding that where there is evidence of other instances of bottles filled, charged and distributed by the same bottler, exploding under substantially similar circumstances and reasonable proximity in time, the case should be submitted to the jury on the issue of negligence. *Davis v. Coca-Cola Bottling Co. of Asheville,* 228 N. C. 32, 44 S. E. (2d) 337; *Ashkenazi v. Nehi Bottling Co.,* 217 N. C. 552, 8 S. E. (2d) 818; *Dail v. Taylor,* 151 N. C. 284, 66 S. E. 135, 28 L. R. A., N. S., 949. And see *Coca-Cola Bottling Works v. Shelton,* 214 Ky. 118, 282 S. W. 778.

The North Carolina Court in *Davis v. Coca-Cola Bottling Co. of Asheville, supra,* after stating that proof of injury caused by the explosion of a single bottle containing a carbonated beverage, standing alone, would not be sufficient to make out a case of actionable negligence, went on to hold [228 N. C. 32, 44 S. E. (2d) 339]:

"But in cases where compensation is sought for injury caused by such explosion, the rule established by this court is that when it is made to appear that other bottles filled by the same bottler, under similar circumstances, about the same time, have exploded, there is afforded some evidence of negligence sufficient to be submitted to the jury, as it would thus form the basis for the permissible inference that the bottler had not exercised that degree of care required of him under the circumstances. *Enloe v. Charlotte Coca-Cola Bottling Co.,* 208 N. C. 305, 180 S. E. 582; *Grant v. Graham Chero-Cola Bottling Co.,* 176 N. C. 256, 97 S. E. 27, 4 A. L. R. 1090; *Cashwell v. Fayetteville Pepsi-Cola Bottling Works, supra;* [174 N. C. 324; 93 S. E. 901];

*Fitzgerald v. Southern R. Co.,* 141 N. C. 530, 54 S. E. 391, 6 L. R. A., N. S., 337. And this court has been careful, before permitting plaintiff's case to be submitted to the jury, to require that plaintiff offer evidence of other instances of bottles filled by defendant exploding under 'substantially similar circumstances and reasonable proximity in time.' "

In our opinion, the foregoing quotation enunciates a sound rule of law in cases of this kind, involving the explosion of a bottle of carbonated beverage, and comes within the generally recognized principle that although no particular fact or circumstance proved in the case may establish negligence or warrant the inference of negligence, all facts and circumstances in the aggregate are to be considered in determining whether the evidence justifies submission of the case to the jury. *Williamson v. Southern R. Co.,* 183 S. C. 312, 191 S. E. 79. The evidence in this case, construed in the light most favorable to the plaintiff, requires the submission of her case to the jury. It follows that the defendant's motion for a nonsuit should have been denied.

Included in the defendant's motion for a nonsuit was the additional ground presented to and passed upon by the trial court, as to whether or not the evidence offered by the plaintiff would bring this case within the provisions of what is commonly called the Pure Food and Drugs Act, Section 5128, which is alleged in the complaint. We agree with the holding of the lower court that under the proof offered by the plaintiff, no cause of action is stated under the foregoing section.

Judgment reversed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.