ALBERT B. STYERS v. WINSTON COCA-COLA BOTTLING COMPANY.

(Filed 24 February, 1954.)

1. **Food § 6c—**

Proof of injury caused by the explosion of a bottle containing a carbonated beverage, standing alone, is not sufficient to carry the case to the jury on the issue of negligence, the principle of *res ipsa loquitur* not being applicable.

2. **Same—**

The installation by the bottler of modern machinery and appliances, such as are in general and approved use, does not *ipso facto* exculpate the bottler of liability.

3. **Same: Negligence § 19b (4)—**

Direct evidence of actionable negligence on defendant's part is not requisite; such negligence may be inferred from relevant facts and circumstances.

4. **Food § 6c—**

In an action against a bottling company by an employee of a grill to recover for injuries sustained from the explosion of a bottle of Coca-Cola, evidence that the crate containing the bottle was delivered by defendant and left in the sun outside the building, that the employee moved the crate into the building, and that shortly thereafter the bottle exploded, together with evidence that on six different occasions during the same summer bottles prepared and sold by the defendant had exploded under similar conditions, *is held* sufficient to carry the case to the jury on the issue of defendant's negligence.

5. **Food § 6b: Evidence § 26—**

In plaintiff's action to recover for injuries resulting from the explosion of a bottle containing a carbonated beverage prepared by defendant, evidence of the explosion of other bottles prepared by the same bottler is competent when, and only when, there is proof of substantially similar circumstances and reasonable proximity in time.

6. **Food § 6d—**

Evidence tending to show only that the employee of a grill took a crate of Coca-Cola that had been delivered by defendant, and left standing in the sun, into the grill and set it down on a stack of other crates, when one of the bottles exploded, causing the injury in suit, *is held* insufficient evidence of contributory negligence on the part of the employee as a proxi-

mate cause of the injury so as to require the submission of the issue of contributory negligence to the jury.

**7. Trial § 31g—**

The charge of the court as to the credibility of the witnesses *held* without error on authority of *Herndon v. R. R.*, 162 N.C. 317.

**8. Trial § 49—**

*Held:* The trial court did not abuse its discretion in refusing to set aside the verdict as being against the greater weight of the evidence.

BOBBITT, J., took no part in the consideration or decision of this case.

APPEAL by the defendant from *Armstrong, J.,* March Term 1953 of FORSYTH.

Civil action for damages wherein the plaintiff alleges the defendant, because of its actionable negligence, caused one of its bottles containing a carbonated beverage to explode injuring his right eye to the extent it had to be taken out.

Plaintiff was employed by the Winston-Salem Drive-In Theatre as operator of the grill and maintenance man in the daytime. He sold Coca-Colas there delivered by a truck driver of the defendant. He went to work about 12:30 p.m., and had told the defendant's driver his work hours. He was not always present when the Coca-Colas were delivered; lots of times he found them stacked outside at the south door.

11 August 1950 was a hot "smothery day." About 9:00 a.m. on this day a driver of the defendant delivered to the Drive-In Theatre three crates of Coca-Colas bottled by the defendant, leaving them outside the building at the south door where they were exposed to the sun. About 12:30 p.m. the plaintiff arrived at the Drive-In Theatre, and found the crates of Coca-Colas sitting at the south door exposed to the direct sunlight. The crates were stacked one on top of the other. The plaintiff picked a crate up, and opened the door. He carried it three steps, and set it down on a stack of four other crates. The plaintiff "was just fixing to turn away" from the crate when one of the bottles exploded, cutting his right eyeball with glass and injuring it to such an extent it had to be removed.

The following witnesses for the plaintiff testified as to explosions of bottles of Coca-Colas in Winston-Salem in the Summer of 1950: (1) J. T. Peak picked up a bottle of Coca-Cola from a wet box; it exploded cutting him in the forehead; the bottle was delivered at his store some time during the week; his store is in Winston-Salem: (2) The Forsyth Kennel Club put on a dog show at the National Guard Armory in Winston-Salem in June 1950; Coca-Cola was delivered to the Armory by the defendant in crates; on 25 June 1950 Phil Hedrick picked up a crate of

Coca-Colas, set it on the floor, and a bottle exploded cutting his hand: (3) W. F. Henderson ran a grocery store in Winston-Salem and purchased crates of Coca-Colas from the defendant; that he picked up a crate of Coca-Colas and set it in the box; that one of the bottles burst; that he did not subject it to any jar, nor strike it against anything, nor drop it; that the weather was hot: (4) R. R. Whisnant in July 1950 was working for Paul Myers in Winston-Salem; that he picked up four Coca-Cola bottles—two in each hand—from a crate to put in a dry box, and one bottle of Coca-Cola exploded cutting his finger so that it required thirteen stitches to sew it up; that he did not strike the bottle against anything nor drop it; that he did not know when the bottles he took from the crate were delivered, but there were three deliveries a week and that they sell about thirty cases of Coca-Colas a week: (5) Jack Brooks, in June or July 1950, was working at a filling station in Winston-Salem which sold Coca-Colas; they had a wet box and one day during this time he saw a bottle of Coca-Cola explode in the wet box under water; that this was one of the bottles of Coca-Cola delivered by the defendant; that they got deliveries every day: (6) P. G. McGee testified that off and on all the time bottles of Coca-Colas exploded at his grill in his Drive-In Theatre.

At a pretrial conference the parties stipulated as follows: (1) the defendant bottled and delivered to plaintiff's employer the bottle of Coca-Cola that is alleged to have burst and injured plaintiff; (2) all bottles of Coca-Colas referred to in the bill of particulars were bottled and distributed by defendant, if purchased in Forsyth County; (3) since 1 January 1949 the machinery and process of bottling at the Winston-Salem bottling plant have been the same.

The plaintiff further offered evidence tending to show that slivers of glass were scattered around the room after the bottle injuring the plaintiff burst and that the bottom part of this bottle was still in the crate.

Defendant's evidence tended to show the care taken in the inspection of bottles both before they went through the bottling works, while being bottled, and after the bottling process, and that these inspections were made by the human eye as well as by mechanical devices. That the bottling operation was carried on by defendant in a careful manner and with approved modern machinery and in accord with the best methods for inspecting bottles for defects; that this machinery would break a defective bottle while it was going through the process of being cleaned, sterilized, filled, capped and crated. That the carbonated water was infused by machinery, and the machine prevents the overloading of a bottle of Coca-Cola with gas; the regulated pressure in the bottle is from 35 to 38 pounds to the square inch; that it would require at least 400 pounds pressure to cause an internal explosion in a Coca-Cola bottle; one bottle has been found to withstand internal pressure of 1,500 pounds. That an examina-

tion of the remnants of the broken bottle that the plaintiff testified caused his injury would indicate the bottle was broken from external impact, and the explosion was not caused by a defective bottle or overcharge.

On direct or cross-examination of defendant's witnesses the following evidence favorable to plaintiff was elicited: (1) defendant had no means of detecting stresses and strains and small cracks in bottles before or after filling them with carbonated beverages under pressure; (2) the electric eye machine is designed primarily to detect foreign particles in bottles— it will detect also a bad crack; (3) unless a bottle has been examined under polarized light, one cannot tell whether there is any strain or stress; the electronic eye at defendant's plant is not a polarizing device; (4) a bottle having a crack which did not go all the way through would hold internal pressure, but when subjected to excessive internal pressure would tend to break at the line of crack; (5) one of the ideal conditions to cause thermal shock is to remove a Coca-Cola bottle from a hot atmosphere into a cool one; the bottles are built to withstand a sudden 76-deg. F. change; to some extent whether or not bottles withstand such a thermal shock would depend on whether or not the bottle had latent stresses and strains or cracks; (6) the bottles of Coca-Colas are roughly handled at defendant's plant; (7) the manufacturers of bottles actually test under 1% of total output, which establishes a norm as to the quality of the bottles.

The jury answered the issues in favor of the plaintiff and awarded damages in the sum of $15,000.00.

From judgment on the verdict, defendant appealed.

*Deal, Hutchins & Minor and Womble, Carlyle, Martin & Sandridge for plaintiff, appellee.*

*Craige & Craige and Roger B. Hendrix for defendant, appellant.*

Parker, J.   The defendant's first assignment of error is to the denial of its motion for judgment of nonsuit. The plaintiff's action is based on allegations of negligence, and this assignment of error presents the question whether sufficient evidence of actionable negligence on the part of the defendant was offered to carry the case to the jury.

It is well settled law in North Carolina that proof of injury caused by the explosion of a bottle containing a carbonated beverage, standing alone, is not sufficient to carry the case to the jury on the ground of actionable negligence. The principle of *res ipsa loquitur* is not applicable. *Davis v. Bottling Co.,* 228 N.C. 32, 44 S.E. 2d 337; *Enloe v. Bottling Co.,* 208 N.C. 305, 180 S.E. 582; *Cashwell v. Bottling Works,* 174 N.C. 324, 93 S.E. 901.

The installation by the bottler of modern machinery and appliances, such as is in general and approved use, does not *ipso facto* exculpate the

defendant from liability. *Enloe v. Bottling Co., supra; Grant v. Bottling Co.,* 176 N.C. 256, 97 S.E. 27.

Direct evidence of actionable negligence on defendant's part is not requisite; such negligence may be inferred from relevant facts and circumstances. *Enloe v. Bottling Co., supra; Broadway v. Grimes,* 204 N.C. 623, 169 S.E. 194; *Dail v. Taylor,* 151 N.C. 284, 66 S.E. 135.

In cases where damages are sought for injuries caused by such explosion, when the plaintiff has offered evidence tending to show that like products filled by the same bottler under substantially similar conditions, and sold by the bottler at about the same time have exploded, there is sufficient evidence to carry the case to the jury, as such facts and circumstances permit the inference that the bottler had not exercised that degree of care required of him under the circumstances. Such similar instances are allowed to be shown as evidence of a probable like occurrence at the time of plaintiff's injury when, and only when, accompanied by proof of substantially similar circumstances and reasonable proximity in time. *Davis v. Bottling Co., supra; Ashkenazi v. Bottling Co.,* 217 N.C. 552, 8 S.E. 2d 818; *Enloe v. Bottling Co., supra; Broadway v. Grimes, supra; Perry v. Bottling Co.,* 196 N.C. 175, 145 S.E. 14; *Grant v. Bottling Co., supra.*

A study of the evidence and the stipulations shows that the plaintiff has offered sufficient evidence to require submission of his case to the jury under the law laid down in many decisions of this Court, and the defendant's motion for judgment of nonsuit was correctly denied.

The defendant assigns as error the refusal of the court to submit an issue of contributory negligence.

In *Davis v. Bottling Co., supra,* the defendant's evidence tended to show that the bursting of the Coca-Cola bottles was due to some other or outside cause and not to defective bottles or overcharge. An examination of the Record in that case discloses that no issue of contributory negligence was submitted.

This assignment of error poses this question: Is there sufficient evidence in the Record tending to show that the plaintiff failed to exercise reasonable care for his own safety, and such failure concurring with actionable negligence of the defendant contributed to the injury complained of as a proximate cause, so as to require the submission of such an issue to the jury? Sir A. P. Herbert has wittily and happily said (Uncommon Law p. 1) "The Common Law of England has been laboriously built about a mythical figure—the figure of 'The Reasonable Man.'" This Court has answered this question No in *Cashwell v. Bottling Works, supra,* in which case the plaintiff's evidence tended to show that while the plaintiff was placing some bottles of Pepsi-Cola taken from a crate on the shelves of his store, one of the bottles exploded, and so

injured his eye that he lost the sight of it.  The Court said: "There was no sufficient evidence, in law, to show any contributory negligence of the plaintiff.  No obvious danger was presented to him, in the presence of which he continued to handle the bottles, when a man of ordinary prudence and discretion would have refrained from doing so.  He had the right to rely on the assurance that the defendant had performed its duty and so inspected and filled the bottle as to prevent any such catastrophe as has resulted in the loss of his eye, or at least reduced the danger to such a minimum as could be attained by the exercise of proper care and caution."

The defendant assigns as error the charge of the court as to the credibility of witnesses.  The language of the trial court is in substantially the same words as the charge in *Herndon v. R. R.,* 162 N.C. 317, 78 S.E. 287, in which the Court said: "This is but an admonition to the jury, and not pointed to any particular witness or party.  It applies with equal force to the defendant as to plaintiff, and to all witnesses alike."  See also *Ferebee v. R. R.,* 167 N.C. 290, 83 S.E. 360, and its comment on the *Herndon case.*  The plaintiff was the only witness who had a direct pecuniary interest in the result, and if anyone was prejudiced, which we do not admit, it would seem that it would be him.  This assignment of error is not sustained.

The appellant has noted other exceptions to the court's instructions to the jury.  We have carefully read the court's charge in its entirety with particular attention to the defendant's exceptions and its argument and authorities set forth in its brief, and are unable to perceive any prejudicial error therein which would justify the award of a new trial.

The trial court did not abuse its discretion in not setting aside the verdict as being against the greater weight of the evidence.

The jury's verdict and the judgment thereon will not be disturbed.

No error.

BOBBITT, J., took no part in the consideration or decision of this case.