17931

W. J. BOYD, Respondent, v. MARION COCA-COLA BOTTLING
COMPANY, Appellant

(126 S. E. (2d) 178)

*Messrs. Burroughs & Green,* of Conway, *for Appellant,*

384

*James P. Stevens, Esq.,* of Loris, *for Respondent,* 

June 13, 1962.

TAYLOR, Chief Justice.

Respondent in this action seeks to recover damages for personal injuries suffered when a bottle of Coca-Cola is alleged to have exploded cutting Respondent in the face.

The Complaint charges Appellant with (1) Selling bottles likely to explode from excess pressure of gas; (2) Selling bottles likely to explode by reason of some defect in the bottle; (3) Failing to exercise the necessary precautions in filling bottles of Coca-Cola at its plant; (4) Failing to provide a bottle of sufficient strength; (5) Failure to use due care in the manufacture of the bottle; and (6) Failure to use due care in the filling of the bottle of liquid Coca-Cola. The answer was a general denial. Upon trial, counsel for Respondent agreed to strike No. (5) which charges failure to use due care in the manufacture of the bottle, and the Court eliminated No. (2) which charges selling bottles likely to explode from some defect in the bottle.

Respondent testified that he operates a store in a rural area of Horry and among other things handles Coca-Cola which he purchased from Marion Coca-Cola Bottling Company; that on the 19th day of October, 1957, several cases of Coca-Cola were delivered to his place of business by Appellant at approximately 2 P. M.; that at approximately 7:30 P. M. of the same day, he was in the act of filling his drink box from the crates, preparing for the next day's business, when after having placed 7 or 8 Coca-Colas in the box,

one exploded and then shortly the second one from the same crate exploded, resulting in his being cut in the face to the extent that 10 stitches were required to close the wound. Approximately two weeks later another bottle of Coca-Cola exploded in a similar fashion while undisturbed in the crate.

Appellant introduced considerable testimony tending to show the improbability of bottles exploding or breaking in such fashion as those exhibited under the circumstances related by Respondent.

The doctrine of *res ipsa loquitur* does not prevail in South Carolina, *Eickhoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010, and the many cases cited therein. In order for Respondent to prevail, therefore, there must be some showing of negligence on the part of Appellant, and such negligence may be established by circumstantial as well as direct evidence. *Gantt v. Columbia Coca-Cola Bottling Co.,* 193 S. C. 51, 7 S. E. (2d) 641, 127 A. L. R. 1185. If from all the surrounding conditions and circumstances prevailing at the time there is a reasonable inference to be drawn that one charged with negligence did not observe ordinary care, such question is one for the jury to pass upon. *Shields v. Chevrolet Truck* (License No. VA. T. E. 7719) *et al.,* 195 S. C. 437, 12 S. E. (2d) 19.

In *Merchant v. Columbia Coca-Cola Bottling Co.,* 214 S. C. 206, 51 S. E. (2d) 749, this Court stated, "* * * proof of injury caused by the explosion of a single bottle containing a carbonated beverage, standing alone, would not be sufficient to make out a case of actionable negligence, * * *" and quoted from the North Carolina case of *Davis v. Coca-Cola Bottling Company of Asheville,* 228 N. C. 32, 44 S. E. (2d) 337, as follows:

" 'But in cases where compensation is sought for injury caused by such explosion, the rule established by this court is that when it is made to appear that other bottles filled by the same bottler, under similar circumstances, about the

same time, have exploded, there is afforded some evidence of negligence sufficient to be subbmitted to the jury, as it would thus form the basis for the permissible inference that the bottler had not exercised that degree of care required of him under the circumstances.' "

This principle is applicable to the facts of instant ■ case. Two bottles from the same crate exploded while being removed from the crate for the purpose of being placed in the cooler and approximately two weeks later another bottle exploded while still in the crate and undisturbed. Appellant's testimony is all to the effect that such explosions could not have occurred under the circumstances testified to. All of which was submitted to the jury for its consideration.

We are of the opinion that under the circumstances heretofore related, there was sufficient evidence to require submission of the case to the jury on the question of whether Appellant had negligently sold bottles likely to explode on account of excess pressure of gas, had failed to provide a bottle of sufficient strength, or failed to use due care in the filling of the bottle; that all exceptions should be dismissed and the verdict and judgment appealed from affirmed; and *it is so ordered.* Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.