## 15176

### SHIELDS v. CHEVROLET TRUCK (LICENSE NO. VA. T. E. 7719) ET AL.

(12 S. E. (2d), 19)

May, 1940.

*Mr. E. W. Johnson,* for appellant,

*Messrs. Donald Russell* and *Rufus M. Ward,* for respondents,

December 5, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

While respondent truck and trailer was being driven on Commerce Street, in the City of Spartanburg, the top of same came in contact with a combination marquee and sign

extending over the sidewalk in front of appellant's place of business, damaging the marquee.

Appellant instituted an action in attachment against the respondent truck and trailer, claiming damages, actual and punitive, in the sum of Five Hundred Dollars, alleging that his damages and loss were directly due to and caused by the negligent, careless, wilful, wanton and reckless operation of respondent truck and trailer in the following particulars:

"(1) In attempting to drive the truck and trailer through a space too narrow to accommodate it.

"(2) In failing to allow for the body of the trailer extending beyond the wheels.

"(3) In failing to observe plaintiff's sign and make allowance for it when attempting to drive the truck and trailer past.

"(4) In failing to allow for the crown in the street and take into account that it would cause the top of the truck and trailer to lean to the right when driven near the curb when attempting to pass the sign.

"(5) In totally disregarding plaintiff's sign and its rightful and reasonable location, and occupancy of the space above the sidewalk.

"(6) In consciously failing to act in a reasonable and prudent manner under the conditions and circumstances at the time and place."

Respondent answered denying the material allegations of the complaint (first defense), pleaded contributory negligence, recklessness and willfulness on the part of appellant in the particulars hereinafter set out as the direct and proximate cause of the alleged damage to appellant's property (second defense), and counterclaimed (third defense). The contributory negligence, etc., alleged in the second defense, follows:

"(a) In constructing a sign upon a public thoroughfare of the City of Spartanburg not conforming to Section 546,

subhead (4) of the Code of Ordinances of the City of Spartanburg (1937), which reads as follows: '(4) No sign attached to the side of a building or structure fronting upon a public thoroughfare shall project more than six feet outside the building line and shall not be less than ten feet above the curb level.'

"(b) In creating an obstruction to a public highway in violation of the Statutory Laws of the State of South Carolina.

"(c) In obstructing a public thoroughfare and failing to give notice to the traveling public that such obstruction had been made.

"(d) In placing a sign over a public thoroughfare so close to the ground as to create an obstruction in violation of the Statutory Law of the State of South Carolina.

"(e) In erecting a sign that extended beyond the curb line and into the street, thereby creating an obstruction in violation of the Statutory Laws of the State of South Carolina.' "

Issue thus being joined, the case came on for trial in the Court of Common Pleas for Spartanburg County, Honorable T. S. Sease, presiding Judge. At the conclusion of the taking of testimony, respondent moved for a directed verdict in its behalf on the following grounds: "(1) There is no evidence of any negligence on the part of the defendant. (2) The only reasonable inference to be drawn from the testimony is that the sole cause of this accident was the negligence of the plaintiff in constructing a sign in such a manner that it created an obstruction to the defendant's truck rightfully using the street. (3) That the only reasonable inference to be drawn from the testimony is that any damage sustained by the plaintiff was the result of an accident. (4) That the evidence shows that the plaintiff was guilty of contributory willfulness in erecting a sign in such a manner that it created a hazard for vehicles rightfully traveling on Commerce Street."

The ruling of the Court on the motion was in these words: "That man had a perfect right to use that road within the curb. It is an accident he couldn't avoid. Motion granted. He acted as any other man would have. He had a perfect right to run his car against that curb. It is one of those things he couldn't look out for."

By direction of the Court, the jury returned a verdict for defendant (respondent).

Appellant made a motion for a new trial, which was refused.

The appeal to this Court is from the order directing a verdict, and refusal of the motion for a new trial, on the grounds:

"(1) That under the facts and circumstances it was error on the part of the Court to direct a verdict for the defendant against the plaintiff. The error being the Court should have submitted to the jury the ample showing of negligence on the part of the defendant.

"(2) That it was error on the part of the Court in ruling, under the existing facts and circumstances, that the driver of the defendant truck had 'a perfect right to * * * run up against the curbing.' The error being that the proximity of the wheels to the curbing had no connection with the damage done by the top of the truck and trailer, and the location of the wheels was not the standard by which 'negligence' or 'no negligence' could be ruled upon. The location of the wheels of the truck was merely incidental. It did not, and could not, control the issue; and the ruling to the contrary was error.

"(3) That it was error on part of the Court to refuse the plaintiff's motion for a new trial for the same reasons assigned as error in exception one hereof for directing a verdict for the defendant against the plaintiff."

Within due time the respondent served notice of additional grounds upon which to ask the Court to uphold the ruling

of the lower Court. We report four of these sustaining grounds:

"(a) That the only reasonable inference to be drawn from the testimony is that the sole cause of the accident was the negligence of the plaintiff in constructing a sign in such a manner that it created an obstruction to the defendant truck rightfully using the streets of the City of Spartanburg in violation of the statutory law of the State of South Carolina.

"(b) That the only reasonable inference to be drawn from the testimony is that the sole cause of the accident was the negligence of the plaintiff in constructing a sign in such a manner that it created an obstruction to the defendant truck rightfully using the streets of the City of Spartanburg in violation of the provisions of the Building Code of the City of Spartanburg, South Carolina, to wit, the Code of Ordinances of the City of Spartanburg (1937), Section 546, subhead (4), which reads as follows: '(4) No sign attached to the side of a building or structure fronting upon a public thoroughfare shall project more than six feet outside the building line and shall not be less than ten feet above the curb level.' "

"(d) That the only reasonable inference to be drawn from the testimony is that any damages sustained by the plaintiff was the result of an accident taking place through no fault of the defendant.

"(e) That the evidence conclusively establishes that the plaintiff was guilty of contributory willfulness in erecting a sign in such a manner as to create a hazard for vehicles rightfully traveling in Commerce Street."

The facts, briefly stated are as follows: The respondent truck and trailer was being driven on Commerce Street in the City of Spartanburg, around 3:30 p. m. on July 20, 1939. At the time, and on the opposite side of the street from appellant's place of business an automobile was parked. Though narrow, this street was heavily travelled. It was crowned or rounded to such an extent that its center is

about six inches higher than its sides adjacent to the curbing, the effect of which is to cause vehicles travelling on the right side thereof to lean to the right. This effect was not discernible except upon minute examination. The appellant testified that he had travelled up and down this street three or four times each day from in December until July (the date of the accident) and hadn't noticed the crown in the street until the marquee was struck by respondent truck. Appellant also testified that several months prior to the accident out of which this action arose, his marquee sign had been struck by another truck. The sidewalks of Commerce Street are separated from that portion thereof set aside for vehicular travel by a curbing approximately four inches wide and five inches higher than the street proper. The marquee sign was nine feet and eight inches above the sidewalk, and six inches from the street edge of the curb. The portion of the truck that came in contact witt the combination marquee and sign was ten feet high when level, and of course not so high on the leaning side when leaning. Section 546 of the Building Code of Ordinances of the City of Spartanburg provides that no sign attached to the side of a building or structure fronting upon a public thoroughfare shall be less than ten feet above the curb level. There is no ordinance referring specifically to the erection of a marquee, but a picture taken of the accident while the top of the truck was against the marquee, shows that the marquee was also used as an advertising sign. The truck was being driven at about 7 to 10 miles per hour. The marquee and sign were above the line of vision of the driver. Upon meeting another vehicle the truck was driven to the right of the street to let such vehicle pass when the top of the truck-trailer, while in a leaning position, came in contact with the marquee sign. While at one time the appellant testified that the front wheels of the truck were driven against the curbing, he retracted this statement after looking at the picture taken (at his request) of the position of the truck at the time of the accident, and

when it was yet against the marquee, and stated that the front wheels of the truck were near the curb rather than against it "which was a lot of difference."

It should be noted that one, A. M. Miles, holding the position of city electrical inspector, testified that the sign and marquee was erected under a permit from his office and he inspected it and approved the erection and the manner in which it was put up; that he did not operate under Section 546 of the Spartanburg City Ordinances of the Building Code; that Section 586 of the City Ordinances under Title 2, which is the electrical code, covered the erection of signs. (This record does not disclose the contents of Section 586). Mr. Miles stated further that this ordinance of the electrical code did not govern marquees and that he found no ordinance specific or general governing the height of a marquee above a sidewalk.

Appellant's cause of action is bottomed upon negligence in the operation of the truck. We make this statement in the light of the testimony, and the total absence of testimony that the body of the truck and trailer extended too far when on level ground, or that the body of the truck appreciably extended beyond the wheels, or that the truck was so loaded that it leaned to the right, or was so constructed that it thus leaned; and upon the statement in appellant's brief that his cause of action "was not brought on the theory that the truck and trailer were too high or that the wheels ran upon the curb of the sidewalk, but that the marquee was within the sidewalk, did not project over the street and that the top of the trailer did project over the sidewalk and did lean into the marquee, and the marquee was damaged."

That the doctrine of *res ipsa loquitur* does not obtain ▮▮ in this State needs no citation of authority. There must be some evidence of negligence as the proximate cause of an injury or damage before one may be legally held liable therefor.

Negligence is the "want of due care," and is generally a mixed question of law and fact. In determining if negligence is inferable, all of the surrounding conditions and circumstances must be taken into consideration, and if a reasonable inference can be drawn from all of the facts and circumstances and conditions prevailing at the time of the alleged negligence that one charged therewith did not observe ordinary care, then it becomes a question for the jury to pass upon.

In the instant case, the truck and trailer was within the law insofar as its construction is concerned. At the time of the accident it was being driven slowly and necessarily to the extreme right of the street in order to permit the passage of another vehicle it was meeting. The street upon which it was travelling had a more pronounced slope towards the curb than the average street, which would of course cause the top of the truck and/or trailer to lean farther into the curb. The marquee which was hit was not in line of vision of the driver of the truck. Now, under these circumstances, could a reasonable inference be drawn that there was a want of ordinary care on the part of the driver of the truck, (1) in failing to observe the unusual slope in the street, and (2) in failing to observe that the marquee of appellant was in such proximity to the vehicular portion of the street and at such a height from the sidewalk that when the top of the truck leaned toward the curb or sidewalk, it would come in contact therewith if the truck was driven close to (not against) the curb of the street?

We think not. The appellant had travelled upon this street several times daily for about eight months without noticing or observing the unusual crown to the street, and although the driver of respondent truck had been thereon only a few times, it is claimed that he was negligent in not observing same. Of course, the mere fact that appellant had not observed the unusual crown to this street would not of itself absolve the driver of respondent

of the responsibility of using his sense of sight, but it is a strong circumstance that on the occasion of the damage to the marquee, the driver of the truck was not wanting in ordinary care. And, there is no testimony that any one had, prior to this accident, observed the unusual condition of this street. We think that the driver of the truck had a right to assume that objects beyond his line of vision were sufficiently without the vehicular portion of the street as to not create a hazard; and all the more so on a narrow and much travelled street used by all classes of moving vehicles. A different situation would be presented had respondent truck been of an unusual height, or had been so loaded as to cause it to lean to the right. We do not intend to hold that under all circumstances the driver had a right to use the entire portion of the street set apart for vehicles up to and against the curb without regard to signs and other obstructions extending over sidewalks, but that he had the right to assume that objects suspended over the sidewalk had been so placed as to permit a clear passage of vehicles when driven even in close proximity to the curb of sidewalk.

But aside from the above, and if it be conceded that the driver of respondent truck and trailer was negligent in failing to observe the "roundness" of the street, and that if he drove the truck near the curb the top would lean over the sidewalk and probably come in contact with appellant's marquee and sign, did not appellant's contributory negligence in so placing his marquee and sign over the sidewalk that it could create a hazard to tall trucks rightfully using Commerce Street, bar a recovery by him?

The privilege of erecting a marquee and sign over the sidewalk was granted appellant by the City of Spartanburg conditioned upon his meeting the requirements of its building ordinance, the pertinent portion thereof having been hereinbefore set out in quoting from respondent's second defense. One of the requirements was that no sign should be less than ten feet above the curb level. The base of the

marquee was over the doorway and was about nine feet eight inches above the sidewalk according to appellant. According to another witness, who made measurements, the bottom of the marquee was only nine feet two inches above the sidewalk. Irrespective of this conflict, and taking the greatest distance in the testimony, the marquee did not comply with the ordinance and was therefore unlawfully positioned. The sidewalk was five inches higher than the vehicular street near the curb. The truck body was ten feet high on a level and when leaning, of course less than ten feet on that side. The side of the truck was the part thereof that came in contact with the marquee. It therefore, cannot be questioned that if the marquee had been erected in accordance with the ordinance, it would have been a physical impossibility for the side of the top of the truck to strike the marquee. Violation of the city's ordinance was negligence *per se,* and such negligence contributed as a proximate cause to appellant's damage, if it was not the sole cause as between litigants.

But, respondent says that the building ordinance refers only to signs and there is no ordinance governing the distance from the sidewalk at which a marquee must be erected; and further that the city electrical inspector issued a permit for its erection, inspected it and approved its erection and the manner in which it was put up. Although it was a marquee, it was also used as an advertising sign and was therefore a combination marquee and sign. The purpose of the ordinance under discussion was to allow free and unobstructed passage under such obstructions as business houses placed over the sidewalk and was intended to apply to all such obstructions. However, we need not concern ourselves with such distinction, since, as aforesaid, the marquee was also a sign. The electrical inspector of the City of Spartanburg could not by any act of his make lawful that which by ordinance was unlawful, and we assume that his duties were confined to passing upon the proper wiring for electrical displays. No measurements were made by him prior

to the accident to ascertain if the marquee sign was of the required height from the sidewalk, and indeed he testified that the building ordinance was not applicable, which at most could have been only his mistaken opinion thereabout.

For the reasons hereinabove stated, the judgment appealed from is affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES FISH-BURNE and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.